NORTH BRITISH AND MERCANTILE INSURANCE COM-
PANY

v.

CHARLES F. STEIGER.

*Fire Insurance—Increase of Risk—Question for Jury—Estoppel—Over-Insurance—Instructions.*

1. Where an insurance company, knowing of a change to which it might have objected and for which it might have canceled the policy, has remained silent and retained the premium, it is estopped from setting up the change as a defense.

2. In the case presented, the defendant's claim of over-insurance is not supported by the evidence.

3. Where instructions taken together are free from substantial error, the fact that one of them is not entirely accurate is not open to complaint.

[Opinion filed November 18, 1887.]

APPEAL from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding.

Messrs. PALMERS, ROBINSON & SHUTT, for appellant.

Messrs. BRADLEY & BRADLEY, for appellee.

North British and Mercantile Ins. Co. v. Steiger.

*Per Curiam.* So far as the defense is based upon the alleged increase of risk, the case is substantially as it was when here on former occasions.   13 Ill. App. 482; 19 Ill. App. 653. See also, in this connection, Ins. Co. v. Striger, 109 Ill. 254.

The second instruction for plaintiff is made the subject of criticism, and while taken alone there may be some want of accuracy, yet when it is read in connection with those given for defendant, we think there is no real ground of complaint.

The increase of risk, as alleged, depends upon and grows out of the change in the dryer. We are not impressed with the defense. It does not seem at all clear that the hazard was increased in any substantial degree by the change, and we are disposed to accept the verdict of the jury as a very satisfactory settlement of the controversy on this point.

The object of insurance is to protect the assured against loss, and the insurer should be required to live up to his contract. While he should not be required to do more, yet he should not be permitted to escape on a mere technicality. The jury were warranted in the belief that the agents of the company knew of the change that was being made, and though they may not have known just what the change was, nor just what its effect, yet, under the circumstances disclosed, there is enough to justify the jury in applying the doctrine of estoppel. If the insurer, knowing of a change which he might object to and for which he might exercise his reserved right of cancellation, remains silent and retains the premium, he should not be heard to object when called to make good the loss.

On the other point argued, as to over-insurance, we think the present record supports the judgment.   There is a conflict in the evidence, but the version of the plaintiff accords with common experience and was naturally accepted by the jury. According to his statement, the agent of the company called on him and solicited a renewal of a policy issued by a former agent, and the question was asked how much insurance he already had.   To this plaintiff replied he did not know, but referred the solicitor to two other agencies in the city where all his other insurance was issued, for information.   Whether

this source of information was resorted to, does not appear, nor is it material, for the way was open ; but in a few days the plaintiff found on his desk the policy in suit; and supposing it was properly drawn and binding on the company, he placed it in his safe without examination. In this he acted as would any ordinary business man under like circumstances, and to allow this defense would, in our judgment, work great injustice. The judgment is affirmed.

*Judgment affirmed.*