## THOMAS NOLAN, RESPONDENT, v. FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, A CORPORATION, APPELLANT.

Submitted January term, 1929—Decided July 3, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellant, *Lum, Tamblyn & Colyer.*

For the respondent, *Quinn, Parsons & Doremus.*

PER CURIAM.

Plaintiff below obtained a judgment on a fire insurance policy in the Monmouth County District Court, and defendant appeals, claiming that there should have been a nonsuit, and that in any event the loss should have been apportioned.

The policy covered a greenhouse, which a tenant had erected on plaintiff's property, and which the tenant had also insured as property belonging to himself. It was contended by defendant that the greenhouse, which was destroyed by fire, was conclusively presumed to belong to the tenant as a trade fixture, and that in any event, under a provision of the policy that the company should not be liable under the policy "for

a greater portion of the loss than the amount * * * insured shall bear to the whole insurance, whether valid or not, or by solvent or insolvent insurers covering such property," there was no liability.

We think the case of *West Shore Railroad Co.* v. *Wenner,* 75 *N. J. L.* 494, is controlling as to the right of the tenant to the greenhouse. It was there said that "the right of a tenant to remove trade fixtures at the expiration of his term has no application to a building by a tenant upon the land which he has leased. When so erected the building becomes part of the freehold and the property of the landlord, in the absence of an agreement between the parties that it shall remain the property of the tenant." On the facts it is difficult to distinguish the same. It was there a hotel to be used for business purposes; here it was a greenhouse to be used for like purposes, and the tenant had no agreement that it should be his. To like effect, in principle, is the Chancery case of·*Saling* v. *Saling,* 95 *N. J. Eq.* 611.

We think the decision below was also right as to the amount of the verdict. The limiting clause has no application to the present situation. As determined by the judge, the tenant was a stranger in interest to the property. He had no insurable interest, and it was not the intention of the policy to compel an owner to reduce his claim whenever an interloper saw fit to obtain a policy on his buildings. To hold otherwise would permit insurance companies to make the provision a means of grossest fraud on their policy holders.

The judgment is affirmed.