Chas. Kronauer & Company, Appellant, v. The Mechanics Insurance Company of Philadelphia, Appellee.

Gen. No. 35,229.

478

Opinion filed May 21, 1932.

DAILEY & SCHRADZKI, for appellant.

SILBER, ISAACS, SILBER & WOLEY, for appellee; SAMUEL LEVIN and HERBERT W. HIRSH, of counsel.

MR. PRESIDING JUSTICE HEBEL delivered the opinion of the court.

This cause is now before us on rehearing granted, and is an appeal by the plaintiff from a judgment entered on a verdict directed by the court finding the defendant not guilty.

The first count of the declaration alleges that on February 20, 1928, the defendant for a good and valuable consideration, paid by the plaintiff to the defend-

ant, executed and delivered to the plaintiff a policy of fire insurance, insuring the plaintiff against loss and damage by fire, to the amount of $1,500, on the contents of the premises occupied by the plaintiff, in the brick building located at 844–856 Fulton street, in Chicago, Cook county, Illinois. The declaration then sets out in *haec verba* the policy of insurance sued on. The declaration further alleges, in part, that on February 14, 1928, the plaintiff executed and delivered to Alfred Frieder and Edward Frieder, copartners, doing business as Frieder Finance Association, a chattel mortgage covering the property in question, and that the defendant did, more than 10 days prior to the fire, consent to the execution and delivery of said chattel mortgage. The declaration then alleges compliance, by the plaintiff, with all the terms and conditions of the policy.

The defendant filed plea of general issue, and 10 special pleas; and subsequently filed three additional pleas. The eighth special plea and the first additional plea are alone involved in the determination of this appeal. The eighth special plea sets up the following provision of the policy of insurance sued on: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void . . . if the subject of insurance be personal property, and be or become incumbered by a chattel mortgage"; that the property insured was incumbered by a chattel mortgage executed to Alfred Frieder and Edward Frieder, copartners, doing business as Frieder Finance Association; that there was no agreement indorsed on the policy or added thereto, permitting said chattel mortgage, by reason whereof it had become void. To this special plea plaintiff filed its replication setting forth that more than 10 days prior to the fire, the plaintiff delivered the policy sued on to the agents of the defendant in Chicago, Illinois, and requested said

agents to procure the consent of the defendant to the execution and delivery by the plaintiff of the chattel mortgage in question; that said agents agreed to obtain such consent immediately, and retained the policy for more than three weeks, during which time the agents notified the plaintiff that they were obtaining such consent of the defendant.

The first additional plea of the defendant set up the following provision of this policy: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto shall be void . . . if the interest of the insured be other than unconditional and sole ownership"; that while the policy was in effect, personal property insured thereunder was secured by a chattel mortgage, executed and delivered to Alfred Frieder and Edward Frieder, copartners, doing business as Frieder Finance Association; that there was no agreement indorsed on the policy or added thereto, permitting said chattel mortgage, and that thereby the policy became void. Plaintiff filed a replication to this plea, setting up the same matter averred in the replication to the eighth plea.

The facts are, substantially, that Chas. Kronauer & Company, plaintiff, was in the harness manufacturing business located at 856 Fulton street, Chicago, Illinois, occupying the northwest side of the third floor of a three-story building; that Frank N. Walker, former employee of Kronauer & Company, took charge of the business as president; that on March 6, 1928, a fire occurred on the premises of the plaintiff, destroying its stock of merchandise and equipment and damaging its machinery and fixtures. The loss was $13,539.44, and because of coinsurance, the amount of loss in the present case is $1,246.28.

On February 17, 1928, the defendant, Mechanics Insurance Company of Philadelphia, issued to the plaintiff a one-year term fire insurance policy in the amount

of $1,500 on the contents of the premises occupied by the plaintiff. This policy contained a coinsurance clause, heretofore referred to. It also contained a provision that the policy would be void, unless otherwise provided by agreement indorsed thereon or added thereto, if the subject of insurance be personal property, and be or become incumbered by a chattel mortgage. F. D. Keller, of Keller-Anderson Agency, agents of the defendant, who issued the policy, testified that he paid the premium to defendant company, and there is also evidence in the record that Walker, president of the plaintiff company, paid the premium on this insurance policy in the middle of March, after the loss:

Plaintiff placed a chattel mortgage on part of its property on February 14, 1928, which was filed for record February 20, 1928. This mortgage covered certain machines of plaintiff, but not the stock of merchandise.

Upon executing this mortgage and after securing the policy of insurance from the defendant, the plaintiff, pursuant to the terms of the policy, sent the policies to the Keller-Anderson Agency, general agents of the defendant company, for indorsement of a consent mortgage clause thereon. The policies came into the office of this concern about 10 days before the fire, with a request for such indorsement; and a few days before the fire another insurance agency called the Beard Agency, asked for the policies, and F. D. Keller advised the Beard Agency that the indorsements were being made but that the Keller-Anderson Agency was getting behind in its work. Thereafter the fire occurred, and the indorsements at the time of the fire had not been made upon the policies.

Plaintiff's proof of loss was furnished the defendant, and such proof was offered and admitted in evidence upon the trial of the case; also a letter of the

defendant acknowledging receipt of the proof of loss. This proof of loss was afterwards returned by the defendant to the plaintiff on the ground that the loss claimed was excessive; that the cause of the fire was stated as unknown to the insured, and that the proof of loss showed that the property involved was incumbered by a chattel mortgage.

There is a conflict in the evidence as to when the premium for the insurance policy was paid, but it is clear that the premium was received by the defendant from the fact that the policy was not canceled for want of payment. The defendant relies upon the contention that the entire policy is void because the plaintiff did not have indorsed on the policy, or added thereto, the consent of the defendant to the incumbrance of the property by a chattel mortgage, as required by the insurance contract. The rule of law applicable to the instant case is that if the insurer, knowing of a change or violation of the terms of an insurance policy which might be subject to objection and for which the insurer might exercise its reserved right of cancellation, remains silent and retains the premium, the insurer should not be heard to object when called upon to make good the loss. *North British and Mercantile Ins. Co. v. Steiger,* 26 Ill. App. 228, affirmed by the Supreme Court in 124 Ill. 81.

The defendant knew that the plaintiff in the instant case had incumbered the insured property by the execution and delivery of the chattel mortgage to Alfred Frieder and Edward Frieder in ample time to have declared a forfeiture and canceled the policy before the happening of the loss. However, this the defendant did not do, but chose to retain the premium money and carry the risk, notwithstanding the insured property was incumbered without the consent of the defendant. By its acts the defendant ought to be bound by its election. *Phenix Ins. Co. v. Johnston,* 42 Ill.

App. 66, affirmed by the Supreme Court in 143· Ill. 106.

The failure of the general agent of the defendant company to indorse on the policy the consent of the defendant to the incumbrance of personal property after a request by the plaintiff, and having possession of the policy for a period of 10 days for that purpose such non-action by the defendant will not prejudice the right of the plaintiff to maintain this action. Citing *Illinois Mut. Fire Ins. Co. v. Malloy,* 50 Ill. 419, and *Firemen's Ins. Co. v. Horton,* 170 Ill. 258.

In *Phenix Ins. Co. v. Johnston, supra,* the court commented upon the non-action of the insurance company in failing to indorse its consent, as required by the policy, to the taking out of additional insurance by the insured, which comment applies with equal force to the question before us in the instant case, and is in these words: ''We regard it as the settled law in this State that the insurer, when applied to for the purpose of choosing his course in a matter like this, is bound to make his selection and give notice of it to the·insured, otherwise the insured may assume that the permission is granted. Fair dealing and good faith would seem to require it. Whatever may have been the decisions of the courts in other States in regard to this question, our own Supreme Court seems to have fully settled the law against the contention of appellant's counsel.''

The defendant relies upon the case of *Schimp v. Cedar Rapids Ins. Co.,* 124 Ill. 354, which we have examined, and find the plaintiff admitted that the defendant, the Insurance Company, had a complete defense to the action on the policy at the time suit was commenced; and it is not claimed by the plaintiff that there was any waiver of the breach of the policy until after the commencement of the suit. The payment of the note given for a part of the premium a month and

a half after the suit was commenced is, in legal effect, an admission that there was no right of recovery when this suit was commenced. This case is not in point, for it does not appear in the record that there was any admission by the plaintiff at any time that the defendant in this case had a complete defense to the plaintiff's action on the policy of insurance. As we have already indicated, the whole question hinges upon the application by the plaintiff to the defendant for the indorsement of its consent to the incumbrance of a chattel mortgage that covered the personal property. The record shows that the defendant had the policy for the purpose of indorsement for a period of 10 days before the fire happened, and such facts are for the jury, which is to be guided by proper instructions given by the trial court.

The defendant contends that the plaintiff alleged that it had performed all the terms and conditions of the policy sued upon. Therefore, the plaintiff cannot recover by attempting to prove a waiver of the conditions of the policy. In the case at bar, the plaintiff alleged that he performed all the terms of the policy of insurance, and further averred, both in the declaration and the replication to the eighth special and first additional plea of the defendant, that the defendant had consented to the execution and delivery of the chattel mortgage by the plaintiff to the Frieder Finance Association.

The defendant's only suggestion of a violation by the plaintiff of the terms of the policy is this consent clause. The facts in the record would seem to indicate that the plaintiff, in leaving the policy with the Keller-Anderson Agency, agents of the defendant, for the indorsement of the consent of the defendant to the incumbrance on the chattels, did what the policy required that the plaintiff should do, and the allegations in plaintiff's pleadings are an averment of perform-

ance and compliance with the terms and conditions of this policy.

It is urged by the defendant that where evidence of an affirmative defense is offered, and such defense is not contradicted or explained, it is proper for the trial court to direct a verdict for the defendant, even if all the averments of the declaration are proved. That contention may be well founded under a state of facts that would disclose evidence consistent with every fact which the evidence of the plaintiff tended to prove, but showing affirmatively a complete defense. However, under the facts in the instant case, that rule does not apply when we consider that plaintiff appealed to the defendant to indorse on the policy its consent to the incumbrance on the chattels, and when we consider further that there is evidence that F. D. Keller of Keller-Anderson Agency, agents of the defendant, advised the Beard Agency, when asked for the policy, that the indorsements were being made, but that the Keller-Anderson Agency was getting behind.

It was contended by the defendant in its petition for a rehearing that the attachment of a loss payable clause does not constitute the recognition of an existing chattel mortgage, and it suggests that the opinion of the court be modified to make it plain that what the plaintiff sought was the attachment of a loss payable clause, which suggestion made by the defendant clearly indicates that this court should pass upon the weight of the evidence in the record.

We held in our former opinion that there is a conflict in the evidence upon the question of the indorsement of the consent clause by the defendant consenting to the incumbrance on the chattels, and for the reasons indicated we believe that the trial court was in error in instructing the jury to find the issues for the defendant. The rule that applies and which needs no citation of authorities is in effect that if there is any evi-

dence in the record from which, if it stood alone, the jury could, without acting unreasonably in the eyes of the law, find that all the material averments of the declaration have been proved, the case should go to the jury. There is evidence in this record which tends to show that the Keller-Anderson Company, general agents for the defendant insurance company, had the insurance policies of the plaintiff upon which to indorse the consent of the defendant to the chattel mortgage incumbrance on the chattels, and such evidence should have been submitted to the jury. The weight of the evidence cannot be considered by the court on a motion to direct a verdict. That is also for the jury to determine, and we adhere to what we said in our former opinion.

Other questions are called to the attention of the court but it will not be necessary for the court to pass upon them at this time.

For the reasons indicated, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

FRIEND and WILSON, JJ., concur.