(No. 30268.— )

WILLIAM FRANCE, Appellant, *vs.* CITIZENS CASUALTY COMPANY OF NEW YORK, Appellee.

*Opinion filed March 18, 1948—Rehearing denied May 13, 1948.*

STACY W. OSGOOD, (ODE L. RANKIN, of counsel,) both of Chicago, for appellant.

JOHN J. MORRIS, (V. J. LISS, of counsel,) both of Chicago, for appellee.

Mr. CHIEF JUSTICE MURPHY delivered the opinion of court:

A trial by jury in the circuit court of Cook County

resulted in a verdict and judgment for plaintiff and against defendant in the sum of $5025.50. On appeal to the Appellate Court the judgment was reversed without remandment. We granted leave to appeal.

Defendant is an insurance corporation engaged in insuring owners of automobiles and trucks against liability for damages to third parties arising out of the insured's operation of the motor vehicle insured. Defendant issued one of its policies to Luther Young, insuring him against liability that might arise out of his operation of his 1932-model Reo truck. On July 18, 1944, while the policy was in force, Young's truck struck plaintiff causing personal injuries. Plaintiff sued Young and recovered a judgment in the sum of $5000 and costs of $25.50. Plaintiff applied the usual legal processes but was unable to collect the judgment from Young and started this action to recover under the policy as an injured third party. A rider attached to the policy stipulated it was furnished to meet the requirements of section 16 of the Illinois Truck Act.

On February 26, 1944, while Young's 1932 Reo truck was being checked for mechanical defects at the city's testing lane, a city inspector told him to obtain insurance on the truck and recommended that he get the insurance from Albert Abramson. Abramson was an insurance broker and maintained offices in the Insurance Exchange Building in Chicago. Young went to Abramson's office immediately and made application for insurance. Abramson had arrangements with some twelve or fifteen companies to any one of which he could refer such an application, but in this case he referred Young's application to the defendant. The policy was dated March 7, 1944, but by its provisions it became effective as of the date of the application, February 26, 1944.

Soon after the policy was issued, the 1932 truck broke down and Young acquired a 1934 Reo truck which he testified he intended to use temporarily while repairs were

made on the 1932 model. He testified that on the date he acquired the 1934 truck, he went to Abramson's office, told him of the purchase of the truck, of his plan to use it temporarily and asked if such would meet insurance requirements. He testified that the representative of Abramson's office gave approval to such plan. He stated that he did not request a transfer of the insurance coverage from the 1932 model to the 1934 truck, that he intended to procure insurance for the 1934 truck from some source other than through Abramson's office.

The evidence shows that on April 13, 1944, defendant issued an endorsement to be attached to Young's policy transferring the insurance from the 1932 to the 1934 truck. Plaintiff received his injuries from the 1932 truck while Young was driving it. At the time of the accident, the coverage was on the 1934 model and it was not retransferred to the 1932 truck until some six weeks after the accident.

The question is as to whether Abramson, at the time he caused the insurance to be transferred from the 1932 truck to the 1934 truck, was the agent of Young or the agent of the defendant. Additional facts pertinent to such inquiry are that the defendant charged the premium to Abramson and not to Young. Defendant delivered the policy to Abramson. Young was paying the yearly premium in monthly installments, all of which were made at Abramson's office, and Abramson retained the policy in his possession until all of the premium was paid, which was after plaintiff's accident. Defendant's agent made four copies of the endorsement transferring the insurance from one truck to the other, one of which endorsements was sent to Abramson. No notice of the transfer of insurance was given by defendant to Young. Young testified that he had no knowledge of the transfer having been made until after the accident, when he received the policy from Abramson.

58

The rule is that an insurance broker, like any other broker, is the agent of the person who employs him. If an insurance broker is engaged to purchase insurance covering property of the one employing him, he becomes the agent of the insured and not the insurer. (*Lycoming Fire Ins. Co.* v. *Rubin,* 79 Ill. 402.) It is true that under certain circumstances a broker may become the agent of the insurer or, on full disclosure to both parties, he may be the agent for both the insurer and insured as to some particular matters. An analysis of the evidence will show that such circumstances are not present in this case. The evidence shows that Abramson referred Young's application to Kurt Hitke & Company, Inc., which was the duly authorized agent of the defendant, and that such agent allowed Abramson a commission for the insurance procured for it. Such fact did not change the character of Abramson's actions and constitute him the agent for the insurer. (*Merchants' Ins. Co.* v. *Union Ins. Co.* 162 Ill. 173; *Lycoming Fire Ins. Co.* v. *Rubin,* 79 Ill. 402.) When Abramson received the policy from defendant's agent he accepted it in the role of agent for Young and was engaged in consummating the deal for which he had been employed. The evidence shows that Kurt Hitke & Company, Inc., charged Abramson and not Young with the yearly premium, and that Abramson collected the premium in instalments from Young, and that he retained possession of the policy until the premium was paid. This was in his capacity as agent of Young and in accordance with the arrangement that he had made to meet Young's convenience. (*Middle Western Telephone Co.* v. *U. S. Fire Ins. Co.* 296 Ill. App. 260.) Young's inquiry of Abramson as to what effect the substituted use of the 1934 model would have on his insurance on the 1932 truck was on the same basis as his application for insurance. He constituted Abramson his agent to furnish such information and if Abramson misadvised him, or, as is claimed by plaintiff,

caused the coverage to be transferred without authority, then it was an act of Young's agent and not the act of the insurer.

The facts from which the foregoing conclusions have been deduced are not controverted and they did not present a question for the jury. Plaintiff's contention that the verdict of the jury determined the question of agency can not be sustained. Defendant's motion for a directed verdict, made at the close of plaintiff's evidence, renewed at the conclusion of all the evidence, and its motion for judgment notwithstanding the verdict preserved a question of law as to whether there was any evidence which fairly tended to show that Abramson was agent of the defendant in the issuance of the policy and in the transfer of the insurance coverage from the 1932 model to the 1934 truck. The motion should have been allowed.

Young notified Abramson immediately after the accident occurred and employees in Abramson's office assisted him in the preparation of a statement of the facts surrounding the accident, which statement was later transmitted to Kurt Hitke & Company, Inc., as agent of the defendant. Considerable testimony was introduced on behalf of the plaintiff to show that Abramson connived with Young in misrepresenting the truck involved in the accident. Such testimony was contradicted by Abramson. It is not necessary to a decision of this case to make further reference to it, for all such acts occurred subsequent to the accident and after plaintiff's right to rely upon the policy had become fixed. It was not within the right of Young, Abramson or of the insurer, acting separately or collectively, to take action which would defeat plaintiff's rights under the policy as of the date of the accident. *Scott* v. *Freeport Motor Casualty Co.* 392 Ill. 332.

The Appellate Court found that Abramson was acting as the agent of Young when he sent Young's application to Kurt Hitke & Company, Inc., and it was also impliedly

held that Abramson was acting in the same capacity when he requested a transfer of the insurance from the 1932 truck to the 1934 model, but it was reasoned that even though the fact should be found otherwise, there was evidence proving that Young had ratified Abramson's actions and was therefore bound by them. The acts relied upon to establish ratification occurred after plaintiff's injury and could not therefore be accepted to change plaintiff's right to recover under the policy.

For the reasons stated, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*