METROPOLITAN CASUALTY INS. CO. OF
NEW YORK v. BUSCHER et al.

No. 45 C 2122.

United States District Court
N. D. Illinois, E. D.

Sept. 26, 1950.

Clausen, Hirsh & Miller, Chicago, Ill., for plaintiff.

Eckert & Peterson, C. S. Bentley Pike, Chicago, Ill., for defendants.

CAMPBELL, District Judge.

This is an action for declaratory judgment. The complaint alleges in substance that Jessie A. Hall was the insured under a policy of automobile liability insurance covering a certain Pontiac automobile; that the defendant Hall thereafter acquired a Buick automobile, but failed to give the plaintiff notice of such change within the thirty-day period prescribed in the policy of insurance; that an accident occurred more than thirty days after Hall had procured the Buick automobile, in which accident the Buscher defendants claim to have been injured. The complaint concludes with a prayer for a judgment declaring that the defendant Hall was not covered by the above-mentioned insurance policy at the time of the accident with the Buscher defendants.

It is the position of defendants that Hall obtained the insurance coverage through one Paul Levy, an insurance broker; that Levy was the agent of plaintiff, at least insofar as this transaction is concerned; that Hall requested Levy to transfer the policy to the Buick within the prescribed thirty-day period; and that, in any event, plaintiff suffered no prejudice as a result of the substitution of the Buick for the Pontiac. Issue having been joined, a trial of the cause was had upon the merits, after which the Court took the matter under advisement upon the briefs of the parties.

Plaintiff offered the testimony of two witnesses in its behalf—that of Paul Levy and that of Walter Wolf, an officer of Wolf, Collins & Company which is a licensed agent of plaintiff. Both witnesses testified that Levy was a general insurance broker and was neither an employee nor an officer of Wolf, Collins & Company; that Levy had no desk or office space with the Wolf Company; that the insurance policy and bill were delivered to Levy and not to Hall; and that no request had been made by Hall to transfer the policy coverage to the Buick automobile. The deposition of Jessie Hall was received in evidence in which Hall testified that he had purchased the Buick automobile on March 26, 1945; that the same Buick was involved in an

accident with the Buscher automobile on May 5, 1945; and that, about two weeks prior to the accident, he had requested Levy to transfer the insurance coverage from the Pontiac which he had formerly owned to the Buick.

In addition to the fact that the Court is by no means convinced by the testimony of Hall that he requested transfer of insurance coverage to the Buick, it appears that under the law of Illinois a request, such as was made under the circumstances of the instant case, would not constitute a request or notice to the insurer. The recent decision of the Supreme Court of Illinois in France v. Citizens Casualty Co., 400 Ill. 55, 79 N.E.2d 28, 29, seems determinative of the issue presented here. In that case the insured, Young, obtained a liability insurance policy from one Abramson, an insurance broker, on a 1932 truck. Subsequently, Young acquired a 1934 truck to which Abramson transferred the insurance. After the transfer had been made, Young's 1932 truck struck the plaintiff causing personal injuries. Plaintiff sued Young and obtained a judgment against him. Being unable to recover the amount of the judgment from Young, plaintiff commenced an action against the insurance company to recover under the policy as an injured third party. The Supreme Court stated:

"The question is as to whether Abramson, at the time he caused the insurance to be transferred from the 1932 truck to the 1934 truck, was the agent of Young or the agent of the defendant. Additional facts pertinent to such inquiry are that the defendant charged the premium to Abramson and not to Young. Defendant delivered the policy to Abramson. Young was paying the yearly premium in monthly installments, all of which were made at Abramson's office, and Abramson retained the policy in his possession until all of the premium was paid, which was after plaintiff's accident. Defendant's agent made four copies of the endorsement transferring the insurance from one truck to the other, one of which endorsements was sent to Abramson. No notice of the transfer of the insurance was given by defendant to Young. Young testified that he had no knowledge of the transfer having been made until after the accident when he received the policy from Abramson.

"The rule is that an insurance broker, like any other broker, is the agent of the person who employs him. If an insurance broker is engaged to purchase insurance covering property of the one employing him, he becomes the agent of the insured and not the insurer. Lycoming Fire Insurance Co. v. Rubin, 79 Ill. 402. It is true that under certain circumstances a broker may become the agent of the insurer or, on full disclosure to both parties, he may be the agent for both the insurer and insured as to some particular matters. An analysis of the evidence will show that such circumstances are not present in this case. The evidence shows that Abramson referred Young's application to Kurt Hitke & Company, Inc., which was the duly authorized agent of the defendant, and that such agent allowed Abramson a commission for the insurance procured for it. Such fact did not change the character of Abramson's actions and constitute him the agent for the insurer. Merchants' Ins. Co. v. Union Ins. Co., 162 Ill. 173, 44 N.E. 409; Lycoming Fire Ins. Co. v. Rubin, 79 Ill. 402. When Abramson received the policy from defendant's agent he accepted it in the role of agent for Young and was engaged in consummating the deal for which he had been employed. The evidence shows that Kurt Hitke & Company, Inc., charged Abramson and not Young with the yearly premium, and that Abramson collected the premium in installments from Young, and that he retained possession of the policy until the premium was paid. This was in his capacity as agent of Young and in accordance with the arrangement that he had made to meet Young's convenience. Middle Western Telephone Co v. U. S. Fire Ins. Co., 296 Ill.App. 260, 16 N.E.2d 188. Young's inquiry of Abramson as to what effect the substituted use of the 1934 model would have on his insurance on the 1932 truck was on the same basis as his application for insurance. He constituted Abramson his agent to furnish such information and if Abramson

502

misadvised him, or, as is claimed by plaintiff, caused the coverage to be transferred without authority, then it was an act of Young's agent and not the act of the insurer."

The Court is unable to perceive any material distinction between the essential facts of the France case and the case at bar, and is bound to apply the law of Illinois as pronounced by the Supreme Court of that State.

■ Defendants' contention that the insurance company is obliged to prove affirmatively that it was prejudiced by reason of the failure of the insured to notify the company of the acquisition of a different automobile than that described in the policy, is untenable. The authorities cited by defendants in support of this argument are not pertinent to the issue before the Court. Conceding that a misstatement must be both material and prejudicial in order to constitute a breach of a cooperation clause of a liability insurance policy, it does not follow that an alleged lack of prejudice will serve to create an insurance coverage that never actually came into existence.

Judgment will, therefore, enter in favor of plaintiff for the relief sought in the complaint. Plaintiff is directed to submit to the Court for entry within 15 days hereof, a judgment, proper as to form.