56 N.J. Super. 171 (1959)
152 A.2d 156
GOLDIE EKELCHIK, FORMERLY GOLDIE GOLDSTEIN, PLAINTIFF-APPELLANT,
v.
AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA ET AL., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 1, 1959.
Decided June 15, 1959.
*173 Before Judges GAULKIN, SULLIVAN and FOLEY.
Mr. Frank G. Schlosser argued the cause for appellant (Mackerley and Friedman, attorneys).
Mr. Raymond W. Troy argued the cause for respondent (Lum, Fairlie & Foster, attorneys; Mr. Theodore L. Abeles on the brief).
The opinion of the court was delivered by GAULKIN, J.A.D.
Plaintiff sued defendant American Casualty Company (American) and Firemen's Insurance Company (Firemen's) upon fire insurance policies issued by them covering plaintiff's dwelling. The American policy was $5,000, the Firemen's $7,500, and the fire damage to the building was stipulated as $8,750.
The policies were in the "standard" form required by N.J.S.A. 17:36-5.20. Lines 28 to 35 of that form provide that "Unless otherwise provided in writing added hereto this Company shall not be liable for loss occurring * * * while a described building * * * is vacant or unoccupied beyond a period of sixty consecutive days * * *." The American policy bore an endorsement which did extend the *174 vacancy and unoccupancy privilege beyond 60 days; the Firemen's policy did not.
Firemen's defended upon the ground that the property had been vacant and unoccupied more than 60 days, and the jury returned a verdict in its favor. Plaintiff does not challenge that verdict.
 American admitted liability, but contended its liability
 5,000
 was limited to ______ of $8,750, or $3,500, because the
 12,500
 standard policy provides (lines 86-89):
"This Company shall not be liable for a greater proportion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against the peril involved, whether collectible or not." (Emphasis added.)
The trial court agreed with American, and entered judgment against it for $3,500. It is from this determination that plaintiff appeals.
Plaintiff's argument is that American was liable for the $5,000 face amount of its policy because (quoting from her brief):
"These policies covered substantially different risks in their vacancy privileges. American by its contract assumed the severe burden of insuring during unlimited vacancy, whereas Firemen's refused to assume that risk beyond 60 days, a much lesser burden. The loss occurred while American was on the risk and its co-insurer was off. * * * When policies cover different risks the insurance is not concurrent and the pro-rata clause does not apply."
From 1892 (L. 1892, c. 231, p. 366) until 1944 the New Jersey standard policy provided "This company shall not be liable under this policy for a greater proportion of any loss * * * by fire than the amount hereby insured shall bear to the whole insurance, whether valid or not, or by solvent or insolvent insurers, covering such property." Fisher v. Phoenix Assurance Co. of London, 103 N.J.L. 184 (E. & A. 1926). In 1944 the standard policy was revised *175 (L. 1944, c. 171) and the present wording of lines 86 to 89, quoted above, was adopted. When the policy was again revised in 1954 (L. 1954, c. 268) this wording was retained.
Plaintiff does not contend that our present "collectible or not" pro rata clause does not have the same meaning as the "valid or not" clause in use prior to 1944, quoted in Fisher, supra. What plaintiff says is that under either clause the result would be the same because (to quote from plaintiff's brief):
"Firemen's contract simply omitted coverage after 60 days vacancy and during the omission its policy was not `invalid'  the risk after 60 days vacancy was not insured at all by Firemen's and American alone was on it.
In this appeal we do not assault the settled principle that apportionment among underwriters is in order when multiple policies cover the same interest, the same property and the same risk. The statute and the policies require pro-ration when these 3 elements concur.
Our point is that here the risks are different and under the plain meaning of the pro-rata clause the insured must receive single indemnity within the limits of American's policy, for that company alone was on the loss producing risk."
The present pro rata clause does mean the same as did the one in use prior to 1944  i.e., each policy prorates with all others "whether valid or not, or by solvent or insolvent insurers, covering such property."
There can be no question but that under the language in use prior to 1944 there would have been contribution in a situation such as is presented in the case at bar. Under that language, contribution was based upon the total of all policies issued with the knowledge and consent of the insured, or adopted by him, and which on their faces covered the same property, the same insurable interest, and the same peril, even though a particular policy was or became void, voidable or suspended because of the insured's breach of a condition. Fisher v. Phoenix Assurance Co. of London, supra. Cf., Nolan v. Firemen's Insurance Co. of Newark, New Jersey, 7 N.J. Misc. 599 (Sup. Ct. 1929). See also 6 Appleman, Insurance Law and Practice, § 3905-7; 45 C.J.S. *176 Insurance § 922(c); Annotations: 56 A.L.R. 472 and 36 L.R.A. (N.S.) 350.
Plaintiff's argument, that the two policies covered different risks because one permitted vacancy and unoccupancy beyond 60 days while the other did not, confuses the conditions, upon which the risk is assumed, with the risk itself. Lines 86-89 provide for the proration of all policies "covering the property against the peril involved." The "peril involved" in these policies was "direct loss by fire, lightning, and by removal from premises endangered by the perils insured against" (N.J.S.A. 17:36-5.19). The statute (N.J.S.A. 17:36-5.21, 5.22) and the policy (lines 38-41) permit the company to insure against other perils, such as windstorm, flood, etc. Lines 11 to 24 are captioned "Perils not included" and provide that the company "shall not be liable for loss by fire or other perils insured against in this policy caused, directly or indirectly, by * * * enemy attack," neglect, theft, etc. Nowhere in the policy is there anything to support the idea that vacancy and unoccupancy are perils insured against. Vacancy and unoccupancy may be conditions which increase the likelihood of the peril occurring, but they are not perils in and of themselves.
The condition as to vacancy and unoccupancy appears in an entirely different section of the policy (lines 28-35) captioned "Conditions suspending or restricting insurance." The two conditions which suspend the insurance are:
"(a) while the hazard is increased by any means within the control or knowledge of the insured; or
(b) while a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of sixty consecutive days; * * *."
Plainly these are not descriptions of the "peril[s] involved" but rather of the conditions upon which the company insured against those perils.
If, for example, in addition to the fire and lightning coverage one policy insured against damage by windstorm *177 while the other did not, there would be no proration in the event of a loss by windstorm, but there would be if the loss were by fire. On the other hand, if each policy covered both fire and windstorm, but at the time of the loss there was an increase of hazard as to one of the policies (as for example because of a use beyond that warranted in the policy) but not as to the other, the second policy would have to pay, but only pro rata, whether the loss were fire or windstorm.
The 60-day vacancy and unoccupancy clause is, in effect, a stipulation that such vacancy and unoccupancy shall suspend the insurance as does an increase of hazard, without the necessity of proof that the vacancy or unoccupancy did in fact increase the hazard; and just as there is proration when one policy is suspended for increase of hazard, so there is when the suspension is for vacancy or unoccupancy.
Plaintiff cites Blue Anchor Overall Co. v. Pennsylvania Lumbermens Mutual Insurance Co., 385 Pa. 394, 123 A.2d 413, 59 A.L.R.2d 546 (Sup. Ct. 1956), but that case involved three fire insurance policies, one of which had supplemental coverage against sprinkler leakage while the other two policies did not. It was properly held that since only the one policy covered sprinkler leakage the other two could not be calculated as prorating insurance.
In the case at bar the Firemen's policy was valid. It was merely suspended while the premises continued vacant and unoccupied, and would have covered again as soon as some one occupied the property. It was therefore a policy which came under the pro rata clause as part of "the whole insurance covering the property" against fire, which was "the peril involved," not vacancy or unoccupancy.
The judgment is affirmed.