Central National Bank in Chicago, a Corporation and Hyman L. Burton, Plaintiffs, Appellees, v. Norma Jamerson and James Rivers, Defendants, and Prudence Mutual Casualty Company, Garnishee Defendant, Appellant.

Gen. No. 49,291.

First District, First Division.

June 22, 1964.

Rehearing denied July 17, 1964.

George F. Barrett, of Chicago (Donald J. Miller, of counsel), for appellant.

Allan M. Anderson and George C. Rabens, both of Chicago, for appellees.

MR. JUSTICE BURMAN delivered the opinion of the court.

In this action the Municipal Court of Chicago, after a trial without a jury, entered a judgment in the amount of $5,000 against Prudence Mutual Casualty Company, defendant, garnishee, which was based upon an insurance policy issued by it to James P. Rivers. The principal contention made by Prudence is that the policy had been canceled before the loss occurred.

The following facts are undisputed. On May 28, 1959, Prudence issued a combination automobile policy to Rivers which policy expired by its terms on May 28, 1960. On September 4, 1959, the automobile owned by Rivers was involved in an accident and judgment was rendered against Rivers and in favor of Central National Bank of Chicago and Hyman L. Burton. Subsequently the Bank and Burton commenced garnishment proceedings against Prudence on the policy issued to Rivers. The policy in question was sold to Rivers by a salesman of Robbins Insurance Agency who had solicited his business.

The record discloses that in the garnishment action Prudence offered the testimony of Louis Albano, its office manager, and certain written exhibits. Albano testified that Prudence received a letter, a copy of which was received in evidence, from the Robbins Insurance Agency dated June 9, 1959, requesting it to endorse a change of address on the policy issued to Rivers to show his address to be 2743 West Maypole Avenue. This was done as is reflected by an exhibit received in evidence. The address in the original policy showed Rivers to reside at 2742 West Maypole Avenue. On August 10, 1959, Prudence received a letter from Robbins Insurance Agency requesting that the policy issued to Rivers be canceled because of nonpayment of premiums. Prudence presents a post office receipt for an envelope mailed on August 11 to "James P. Rivers, 2743 W. Maypole." Albano testified that this letter contained a notice of cancellation effective on the 21st day of August. He was, however, unable to testify as to his signing of this notice of cancellation or the particular office routine through which the letter passed on its way to the post office.

James Rivers testified that when he received his policy from the Robbins Insurance Agency he resided at 2742 West Maypole Avenue. He denied that he ever requested anyone to change the address on his policy

or that he ever received a notice of cancellation of his policy from Prudence.

The final evidentiary fact, which we will set out, is provided by a letter received as plaintiffs' exhibit #2. Seven months after Prudence, according to its own witness, canceled its coverage as to Rivers, it addressed a letter to plaintiffs' attorney in answer to his presentation of claim. Prudence notified him that its investigation of the accident (which had occurred as Prudence contends when the policy was not in force) disclosed "no liability to rest with *our assured*," (emphasis added) therefore it declined the claim.

The trial judge held that there was nothing in the record "to indicate that there is any contact between Rivers or Robbins agency or the insurance company after the original application was signed or made for this insurance." The court went on to say, "I cannot, and do not, accept the idea that Robbins are the agents of Rivers, or that they are acting as his agents when this was made." The court concluded that since Robbins was not the agent for Rivers the request for a change of address could not be construed as Rivers' act. Thus the cancellation, in the trial court's judgment, was defective for the reason that it was sent to the wrong address and the defendant never received it.

Prudence insists that the evidence established that the Robbins Insurance Agency was the agent for Rivers. Prudence admits in its brief that there is very little testimony in the record as to the question of agency. It argues, however, that agency was established by the admission of Rivers that he obtained the policy from Robbins Agency and the lack of any showing of an agency relationship between Robbins and Prudence. Prudence cites several cases to support this contention.

235

In France v. Citizens Casualty Co., 400 Ill 55, 79 NE2d 28, the insured received a policy for a 1932 truck and when it subsequently broke down he obtained a transfer of the policy to a 1934 model which he was using until the older truck was repaired. At the time of the accident, which involved the repaired 1932 truck, the coverage was on the 1934 vehicle. The evidence of the negotiations between the insured and the broker arranging the transfer of insurance from the 1932 truck to the 1934 truck was held to establish that the insurance broker was the agent for the insured. Morris & Co. v. Starkweather & Shepley, Inc., 186 Ill App 59 was an action to recover premiums paid to a broker who procured insurance in companies not authorized by his principal. The trial court stated that where a person or corporation authorizes a broker to secure insurance, the broker is the agent of the assured for this limited purpose. The Appellate Court affirmed this reasoning. These two cases do not appear to further the appellant's position and the third case which he cites contains language which is clearly detrimental to its cause. In City of Chicago v. Barnett, 404 Ill 136, 88 NE2d 477, the defendant was charged with the failure to obtain an insurance broker's license. It became necessary to define the word "broker" and among other things the Supreme Court on this matter stated:

> A broker is distinguished from an agent in that a broker sustains no fixed and permanent employment, by, or relation to, any principal, but holds himself out for employment by the public generally, his employment in each instance being that of a special agent for a single object. (142.)

In the instant case there is no evidence that Robbins had any general authority to handle insurance matters for the insured. See Smith v. Fireman's Ins. Co., 104 F2d 546. The record shows that the purchase

of the insurance took place immediately after a casual solicitation. No evidence was offered to show any contact whatsoever between the broker and the insured after the policy was issued. None of these facts point to the relationship of agent and principal between Robbins and Rivers; and, if another fact to contradict the existence of an agency is needed one can point to the broker's direction to Prudence to cancel the policy for nonpayment, which surely is not the work of an agent acting on behalf of Rivers. The court was, in our opinion, justified by the evidence in finding that no lasting agency existed between the insured and his broker.

The result of such a decision is to remove the authority by which Prudence claimed to have carried out its changing of insured's address. No evidence was offered to show that Rivers himself had requested a change of address nor did Prudence attempt to show that it had notified Rivers that the change of address was endorsed on his policy. Prudence neither investigated nor verified the purported change of address. The defendant denied that he received notice of the cancellation of the insurance as provided in the policy and it is uncontroverted that such notice, if sent, was mailed to the wrong address. Under such circumstances it is difficult to see how Prudence can maintain that effective notice of cancellation was given to the insured. The trial court also held that the proof of mailing of the cancellation notice was inadequate and while we think it unnecessary to go into the details, we are of the opinion that the record substantially supports this conclusion.

For the reasons stated, the judgment is affirmed.

Affirmed.

MURPHY, P. J. and KLUCZYNSKI, J., concur.