Harold P. DUNTON and Margaret A. Dunton, Plaintiffs-Appellees,

v.

The CONNECTICUT FIRE INSURANCE COMPANY, Fireman's Fund Insurance Company, Pacific National Fire Insurance Company, Old Colony Insurance Company, Defendants-Appellants.

No. 15623.

United States Court of Appeals Seventh Circuit.

Jan. 23, 1967.

Samuel Levin, Chicago, Ill., for appellants.

Leonard V. Solomon, Lafayette Fisher, Chicago, Ill., for appellees.

Before HASTINGS, Chief Judge, and SWYGERT and CUMMINGS, Circuit Judges.

CUMMINGS, Circuit Judge.

This diversity action was brought by plaintiffs to recover damages under four fire insurance policies issued by the defendants. The policies covered a Wheaton, Illinois, warehouse that was severely damaged by a fire of undetermined origin occurring in August 1962. When the policies were issued in 1958, the warehouse was occupied by Midwestern Contractors, Inc. That firm moved out of the building in the latter part of November 1960. In submitting their proofs of loss, plaintiffs did not advise defendants that the building had been vacated.

After Midwestern Contractors moved out, the building in question remained vacant and unoccupied for the 20 months preceding the fire. When a previous tenant, the Wallfill Company, vacated the premises in 1947, they left some roof ventilators (worth $7 apiece at the time of the fire) in a crawl space under the building's loading dock. Wallfill paid no rent for the use of that space. The ventilators were not damaged in the fire.

Each of the insurance policies contained the following standard provision:

"Unless otherwise provided in writing added hereto, this Company shall not be liable for loss occurring * * * while a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of 60 consecutive days."

The foregoing clause was the basis for one of the defenses tendered by the insurance companies.

Because a number of the Wallfill Company's ventilators were found to be still on the premises at the time of the fire, the District Court refused to apply the vacancy clause. It also held that a violation of the vacancy clause does not render the policy void, but merely affords the insurer the right to cancel the policy. It determined that the policies had not been cancelled and that plaintiffs had notified defendants' agent of the vacancy of the premises. The court awarded plaintiffs $16,000 in damages. We conclude that the insured cannot recover because this property was vacant beyond 60 days.

■ It is well-settled that vacancy clauses such as those contained in these policies are reasonable and valid.[1] This building remained unoccupied from November 1960 until the fire occurred on August 22, 1962. This period was greatly in excess of the 60 days' vacancy clause in the policies.

■■ To refute vacancy, the plaintiffs point out that a former tenant, the Wallfill Company, left some roof ventilators behind in 1947. Even assuming that the Wallfill Company was storing the ventilators and had not abandoned them, this does not amount to a compliance with the vacancy clause by the insured. It is well settled that the use of a building to store a few articles does not show that the building is still occupied.

---

1. 4 Appleman, Insurance Law and Practice (1941) § 2831; 8 Couch on Insurance (2d ed. 1961) § 37:813.

Schuermann v. Dwelling-House Ins. Co., 161 Ill. 437, 43 N.E. 1093 (1896); Aldridge v. Piedmont Fire Insurance Co., 183 Va. 830, 33 S.E.2d 634, 158 A.L.R. 892 (1945); Cashen v. Camden Fire Insurance Association, 48 Tenn.App. 470, 348 S.W.2d 883 (1961); 4 Appleman, Insurance Law and Practice (1941) § 2840; 8 Couch on Insurance (2d ed. 1961) § 37:859.

Citing Traders' Insurance Co. v. Race, 142 Ill. 338, 31 N.E. 392 (1892), plaintiffs assert that the vacancy clause is no bar to their recovery unless defendants prove that the vacancy contributed to the cause of the fire. The *Race* case does not stand for such a broad proposition. The evidence there showed that the brother and sister of the insured were in the house when the fire began, and the provisions of the policies were dissimilar to these. Also, that was a mortgage foreclosure case, and the court applied the principle that a court of equity will not enforce a penalty or forfeiture (142 Ill. at p. 346, 31 N.E. 392). In a case involving a vacancy clause identical to these, it has been determined that such a clause constitutes a stipulation that vacancy "shall suspend the insurance * * * without the necessity of proof that the vacancy or unoccupancy did in fact increase the hazard [of fire]." Ekelchik v. American Casualty Co., 56 N.J.Super. 171, 152 A.2d 156, 159 (N.J.Super.Ct. 1959).

 The policies gave the plaintiffs the right to cancel and demand the refund of unearned premiums, but no such request was made. Nevertheless, plaintiffs contend that the defendants waived any breach of the vacancy condition of the policies after the loss by not cancelling the policies and returning the unearned premiums. Being a diversity case, Illinois law is controlling. In Illinois it is settled that an insurer is not obligated to return or offer to return any premium "as a condition precedent to availing itself of its defense to the action on the policy." Seaback v. Metropolitan Life Insurance Co., 274 Ill. 516, 520, 113 N.E. 862, 864 (1916).[2] Illinois follows the general rule of other jurisdictions. Southern States Life Insurance Co. v. Matthews, 205 F.2d 830, 832 (4th Cir. 1953); Commercial Standard Insurance Co. v. Robertson, 159 F.2d 405, 408 (6th Cir. 1947); 45 C.J.S. § 716(2); see Insurance Company v. Wolff, 95 U.S. 326, 333, 24 L.Ed. 387.

 Finally, the plaintiffs assert that the insurance companies had been given notice of the vacancy and are therefore estopped to deny any breach of the vacancy clause. The evidence shows that two weeks before Midwestern Contractors moved out of the warehouse, the plaintiffs so notified George Jansen, the licensed insurance broker from whom the plaintiffs ordered this insurance. Jansen was never an appointed agent for the defendants. In France v. Citizens Casualty Co., 400 Ill. 55, 58, 79 N.E.2d 28, 30 (1948), the court determined:

"The rule is that an insurance broker, like any other broker, is the agent of the person who employs him. If an insurance broker is engaged to purchase insurance covering property of the one employing him, he becomes the agent of the insured and not the insurer."

Under the *France* case, Jansen was the plaintiffs' agent, and the notice to him may not be imputed to the defendants. Therefore, they are not estopped from asserting the bar of the vacancy clause.

2. The continuing vitality of the *Seaback* case is recognized in 16 Appleman, Insurance Law and Practice (1941) § 9303, p. 907, and 3 Couch on Insurance (1st ed. 1929) §§ 710, 737, 738. Plaintiffs cite three Illinois cases supposedly contrary to *Seaback*, but they are not in point. Thus in Gunn v. Minnesota Mutual Life Insurance Company, 322 Ill.App. 313, 54 N.E.2d 596 (1943), the insurer accepted premium payments after the policy had been canceled for non-payment, and the court held that the acceptance reinstated the policy. In Reinhardt v. Security Insurance Company, 321 Ill.App. 324, 53 N.E.2d 13 (1943), and Kronauer & Co. v. Mechanics Insurance Co., 266 Ill.App. 477 (1932), the insurer's agent was told of the policy violation by the insured before the loss occurred.

In view of our sustaining the defense based upon this building's vacancy for more than 60 days, it is unnecessary to consider the other issues raised by the parties.

Reversed and remanded with directions to enter judgment in favor of the defendants.