**Mary Vassel, et al., Plaintiffs-Appellees, v. Calvin L. Underwood, Defendant, v. Apex Mutual Insurance Company, Garnishee-Defendant-Appellant.**

**Gen. No. 50,942.**

First District, Second Division.

July 14, 1967.

BURKE, J., dissenting.

Gillin, Owens and Willens, of Chicago (Charles J. Owens, of counsel), for appellant.

Arthur A. Wolf and Phillip E. Blecher, of Chicago (Phillip E. Blecher, of counsel), for appellees.

MR. JUSTICE BRYANT delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of Cook County against the garnishee-appellant in the sum of $3,950 and costs. The original action was brought by Mary Vassel and Jatha Vassel against defendant, Calvin L. Underwood, for personal injuries sustained in an automobile accident. A default judgment was subsequently entered against Underwood in the sum of $3950. Thereafter, a garnishment action was commenced against the Apex Mutual Insurance Company, the alleged insurer of Underwood. Judgment was subsequently entered against the garnishee-appellant, Apex Mutual Insurance Company, hereinafter referred to as Apex.

Garnishee-appellant Apex raises two issues on this appeal. It first contends that the trial court erred in finding that the policy issued to Calvin Underwood was still in force at the time of the accident. Secondly, it contends that even if the policy was in force, the trial court erred in finding that sufficient notice had been given to the company.

At the first hearing on this matter Andrew Galiardo, head of the Automobile Underwriting Department for Shield Mutual Insurance Company, the successor to Apex, testified in behalf of garnishee-appellant. The witness identified and testified to the contents of the company's file on Calvin Underwood. Included in the file was a letter requesting cancellation of the defendant Underwood's policy for nonpayment of premium. This letter was on the letterhead of the Fairway Acceptance Corporation, apparently the financing agency, and was stamped with the name and address of Arco-American, the insurance broker. Cancellation was requested as of January 10, 1961, four days before the accident which spawned the present litigation. Also included in the file was the insurance policy with the notation "cancelled, January 10, 1961" on its face. On direct examination the witness testified that the return of the policy indicated that the premium had not been paid, and that the producer (Arco-American) was requesting immediate cancellation under condition 24 of the policy which is as follows: "This policy may be cancelled by the named insured by surrender thereof to the company or any of its authorized agents, or by mailing to the company written notice, stating when, not less than ten days thereafter, such cancellation shall be effective. This policy may be cancelled by the company by mailing to the named insured at the address shown in this policy written notice stating when not less than ten days thereafter such cancellation shall be effective. . . ." On cross-examina-

224

tion it was brought out that this witness was not working for Apex at the time of the incident with which we are concerned, and that he had no personal knowledge of what actually happened. In fact, the witness stated that he personally did not know whether the policy had ever been sent to Calvin Underwood. Garnishee-appellant failed to call one A. J. Metcalfe, who was working for Apex at the time in question and who underwrote the Underwood policy.

At the second hearing on the matter, Calvin L. Underwood testified unequivocally that when he telephoned Apex to report the accident, he was not told that his policy had been cancelled. He further testified that he learned of the cancellation at some later time. At this hearing, Morris West, former claims manager for Apex, testified that the procedure which was followed when a claim was telephoned into the company's offices, was to keep the party on the line until the underwriting file had been pulled. If the party hung up the procedure was to call the party back to explain the lack of coverage if that was necessary. Calvin Underwood testified that when he telephoned Apex, the girl who answered the phone did not inform him of the cancellation, but told him that she would send him some forms.

In view of the cancellation provision of the insurance policy which provides for immediate cancellation upon surrender of the policy by the insured, but requires a ten-day notice when the company is cancelling, the relation between Arco-American Company and the insured, and Apex is of importance. It is clear that an insurance broker, like any other broker, is the agent of the person who employs him. It is also true that under certain circumstances a broker may become the agent of the insurer. France v. Citizens Cas. Co., 400 Ill 55, 79 NE2d 28; City of Chicago v. Barnett, 404 Ill 136, 88 NE 2d 477. It is, of course, clear that if Arco-American was

acting as the agent for Apex, the insurance policy issued to Calvin L. Underwood would have been in force at the time of the accident on January 14, 1961.

Unfortunately, both the trial record and the briefs are utterly devoid of shedding any light on this issue. Apex offered no direct testimony on the matter of the relationship of Arco-American and Apex at the trial, and argued the point on this appeal in a most cursory and unsatisfactory manner.

■ ■ We are loath to overturn the findings of the trier of facts. He is in a position to see and hear the witnesses and to judge their credibility, and is in a position to weigh the evidence. Moreover, it is the duty of the trier of facts to resolve factual questions such as were presented in this case. Unless his findings are clearly contrary to the manifest weight of the evidence we will not reverse. Bunton v. Illinois Cent. R. Co., 15 Ill App2d 311, 146 NE2d 205; Peet v. Dolese & Shepard Co., 41 Ill App2d 358, 190 NE2d 613; Shilling v. Campbell, 38 Ill App2d 180, 186 NE2d 782. Upon a careful reading of the record in this case, we are unable to say that the evidence presented by garnishee-appellant Apex was sufficient to merit our overturning of the decision of the trial court.

Garnishee-appellant's second contention is that assuming the insurance policy was still in force at the time of the accident, the company was not given notice of the accident.

Morris West, former claims manager, testified that from looking at the file on Calvin Underwood he did not know whether Underwood had ever telephoned a report of the accident to the company. Raymond Lavell, president of the broker, Arco-American, stated that he did not know whether or not Calvin Underwood had reported the accident of January 14, 1961 by telephone. He further testified that where there was no insurance, no notation of a call would be made on the files, but that the

caller would be referred to the company. The original defendant, Calvin L. Underwood, testified that on the Monday following the accident on Saturday, he called Apex and reported the incident. He further stated that the voice at the other end answered with the name of the insurance company. At that time he was not told that the policy had been cancelled, but he was told that forms would be sent to him. Later in the summer Underwood received some court papers and he again telephoned Apex and was told that his insurance had been cancelled prior to the accident.

The evidence on this issue is clearly contradictory. Testimony for garnishee-appellant establishes the usual manner of operation when a claim is reported, and points out that there is no evidence in the files that Calvin Underwood ever reported the accident to the company or to the broker. On the other hand, Underwood testified unequivocally that he called the company twice, and that he took a letter to Arco-American.

We reiterate that it is not our province to substitute our judgment for that of the trier of facts. Bunton v. Illinois Cent. R. Co., supra; Peet v. Dolese & Shepard Co., supra. In view of the conflict in the testimony we feel compelled to uphold the judgment of the trier of facts on this issue.

For the above reasons the judgment of the trial court is affirmed.

Judgment affirmed.

LYONS, P. J. concurs.

BURKE, J., dissenting:

The evidence shows that the premium called for by the policy was not paid by the insured. The policy provided that the insured may cancel the policy by surrendering it. Because of the nonpayment of the premium, the

insurance broker held the policy. The commission of the broker would come out of the premium paid by the insured. The broker cancelled the policy because of non-payment of the premium and surrendered the policy to the insurer, who is the garnishee. The policy was surrendered and cancelled prior to the accident of January 14, 1961, which is the basis for plaintiffs' cause of action against Underwood. The broker was the agent of the insured. As the policy was not in effect at the time that the cause of action arose in favor of plaintiffs and against Underwood, the insured, there is no basis for the judgment against the garnishee.

Therefore the judgment against the insurer should be reversed and the cause remanded with directions to enter judgment for Apex Mutual Insurance Company, the garnishee, and against plaintiffs.