METRO INTER-INSURANCE EXCHANGE, Plaintiff-Appellant, *v.* DOLTON ANTHONY *et al.*, Defendants-Appellees.

(No. 54058;

First District—September 23, 1971.

Alvin E. Rosenbloom, of Chicago, for appellant.

Anthony Caliendo, of Chicago, for appellees.

Mr. JUSTICE McGLOON delivered the opinion of the court:

The record indicates the facts giving rise to this appeal. The defendant, sometime prior to May 29, 1967, contacted Mr. Frank Pesir, an insurance broker doing business under the name H. G. Bruekner Insurance Agency, and requested a meeting for the purpose of discussing liability insurance coverage for the defendant. Subsequently, Pesir visited the defendant at his home. There is some dispute as to what precisely occurred during this visit. The defendant testified that he told Pesir he wanted insurance to cover all the equipment in his landscape business, specifically a 1½ ton truck and a trailer that was used therewith to carry tools *et cetera.* According to the defendant, he took Pesir outside to view the equipment. Pesir testified that the defendant at no time mentioned the trailer and that he did not see any of the equipment prior to placing the policy in question. Thereafter, Pesir contacted the All-Risk Insurance Agency seeking to place a liability policy, covering only the truck. All-Risk contacted the O.K. Insurance Agency who, in turn, contacted and placed the policy with Metro Inter-Insurance Exchange.

On May 29, 1967, Metro issued an automobile liability insurance policy covering only the defendant's truck and not the trailer. Further, the policy contained a definitional clause as to the word "automobile" as follows:

"* * * the word "automobile" means:

(2) Trailer—under coverages A, B and division 1 of coverage C (These were the Bodily Injury, Property Damage and Automobile Medical Payment clauses respectively), a trailer not described in this policy, if designed for use with a private passenger

automobile, if not being used for business purposes with another type automobile, and under division 1 of coverage C if not a home, office, store, display or passenger trailer;   *   *   *."

The policy also contained as part of its exclusion section a clause as follows:

"This policy does not apply:

(C) Under coverages A & B, while the automobile is used for the towing of any trailer owned or hired by the insured and not covered by like insurance in the company; or while any trailer covered by this policy is used with any automobile owned or hired by the insured and not covered by like insurance in the company."

Subsequently, an endorsement or rider was added to the policy which afforded coverage for Bodily Injury, Property Damage and Automobile Medical Payments only so long as the insured vehicle was used exclusively within a 50-mile radius of the city limits where such vehicle was principally garaged, except for occasional personal, pleasure or family use.

Thereafter, on June 21, 1967, the defendant while driving his truck with the trailer in tow was involved in an accident in which injury was caused to the occupant of another vehicle who brought suit against the defendant. The plaintiff filed an appearance on behalf of the defendant and then filed this declaratory judgment action seeking a determination that it is not bound to afford coverage to the defendant since he was pulling a trailer at the time of the accident and hence was excluded from coverage under the express provisions of the policy. The trial court held against the plaintiff and for the defendant.

On appeal the plaintiff raises two issues: first, that Pesir was not an agent of Metro under the facts of this case, and second, that the exclusionary provision contained in the policy of insurance is valid and binding and denies coverage under the facts of this case.

We reverse.

With regard to the plaintiff's first argument that Pesir was not the agent of Metro, the defendant argued that in fact Pesir was Metro's agent and, therefore, since Pesir allegedly knew about the trailer and the defendant had requested coverage for all his equipment the insurance company is responsible for the error of its agent in not providing coverage for the trailer. We must agree with the plaintiff.

■■ In *Vassel v. Underwood* (1967), 85 Ill.App.2d 222, 229 N.E.2d 354, this court held that an insurance broker is the agent of the one who employs him. In *France v. Citizens Casualty Co. of New York* (1948), 400 Ill. 55, 79 N.E.2d 28, the Illinois Supreme Court supported this principle adding that the broker remained the agent of the one employing him

even though he received his compensation from the insurance company or their agent.

■■ Here the facts are undisputed that the defendant contacted and requested Pesir to secure new insurance coverage for him. Other factors in evidence on the agency, while not determinative, strengthen our conclusion as to Pesir's non-agent status. Pesir at no time dealt directly with Metro but sought to place the policy through the All-Risk Agency who in turn contacted the O.K. Insurance Agency who placed the policy through Metro. The comptroller of Metro testified the company had never done any previous business with Pesir. Therefore, we conclude that Frank Pesir was the agent of the defendant-insured and not an agent of Metro.

■■ Accordingly, even if we assume that Pesir did know of the trailer and was told to insure such by the defendant, such knowledge or statements would not be imputed to Metro so as to be binding upon them. *Kobzina v. Empire State Ins. Co.* (1937), 289 Ill.App. 157, 6 N.E.2d 895, *Kenilworth Insurance Co. v. Chamberlain* (1971), (Ill.App.2d, 269 N.E.2d 317.

■■ Since we are reversing the trial court, the treatment of the one pivotal issue would generally be sufficient. However, to insure understanding of our position we will respond to the remaining issue raised by the plaintiff, namely whether the exclusion clause of the policy applies here. The plaintiff argues that no coverage can be afforded to the defendant in this case because his towing the trailer at the time of the accident in question resulted in exclusion of coverage under the express terms of the policy. We agree that the exclusion clause is applicable. The trailer was not described in the policy and was admittedly being used for business purposes. Either one of these facts would make the exclusion clause applicable.

■■ The defendant has argued that the subsequently attached endorsement or rider somehow converted the policy to a "commercial policy" seemingly on the basis that the title language at the top of the rider was "Commercial Automobile—Local." this being the case, the defendant alleges that the definitional clause we cited earlier is changed by implication to include as insured vehicles, trailers designed for use with commercial rather than private passenger vehicles. Further, the language "being used for other than business purposes" would by implication now read "being used for business purposes." We cannot agree with the defendant's position. There is nothing in the record or otherwise to support this construction being given to the rider. In general where a contract of insurance consists of policy and other papers or documents such as a rider, they must be construed together in order to determine

the meaning and effect of the insurance contract. (*Konrad v. Hartford Accident & Indemnity Co.* (1956), 11 Ill.App.2d 503, 137 N.E.2d 855.) If there is any conflict between the provisions of the policy proper and the provisions of the attached rider or endorsement, the rider or endorsement will control. (*Littrall v. Indemnity Insurance Co. of North America* (1962), 370 U.S. 919.) In the case at bar the endorsement can be construed consistently with the terms of the policy with no conflict or ambiguity. The endorsement simply makes more specific the limitations on the coverage afforded to the defendant insured, i.e. he must be using the insured vehicle within 50 miles of the place where it is principally garaged. There is no language to indicate that any change in the nature or type of policy is intended.

Parenthetically, we note that defendant in his discussion of the exclusion clause argues that the location of the clause was not so prominently located in the policy as to avoid any question of ambiguity regarding the parties' intent. The defendant did not raise this argument in the trial court and will not be heard to make it now.

Judgment reversed.

McNAMARA, P.J., and DEMPSEY, J., concur.