DARIO L. TOFFENETTI, Appellee, *vs.* J. W. D. MELLOR *et al.* Appellants.

*Opinion filed October 28, 1926.*

1. INSURANCE—*when statement in proof of loss is not sufficient to authorize discharge of insurer by payment to third party.* Although a blank proof of loss supplied by the insurer and filled out and signed by the insured contains a printed statement authorizing a third party to collect the claim and stating that settlement by them with a certain other broker shall discharge the insurer, such statement is not binding on the insured, as the proof of loss is not a contract, nor is the statement therein a novation, where the third parties referred to were not the agents or debtors of the insured but were brokers through whom the insurer customarily handled its claims, and payment to said parties cannot constitute payment to the insured, who had never turned his policy over to them for collection.

2. SAME—*insurer must pay claim in customary manner where no method of payment is specified.* Where the manner of payment and the medium of payment are not specified in the contract of insurance, the legal obligation of the insurer is to pay the debt in accordance with the usual and customary manner and through the usual and customary medium of making such payments in the ordinary course of business.

3. DEBTOR AND CREDITOR—*release of debt must be based on consideration.* A valid obligation to pay is avoided in a court of law only where the evidence shows payment or a valid release of the obligation, and a valid release must be based upon a consideration before it can be efficacious in law.

4. SAME—*what constitutes consideration for promise of creditor.* A promise of a creditor is supported by sufficient consideration where the debtor, in accordance therewith, does something more or different in character from that which he was legally

bound to do, as where he pays his debt, or part of it, before it is due, or in a medium of payment different from that for which he was bound, or at a different place, or to someone other than the creditor.

APPEAL from the Third Division of the Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. JOHN J. ROONEY, Judge, presiding.

LORD, WIRE & COBB, (CHARLES L. COBB, of counsel,) for appellants.

MILLARD M. POWERS, and GESAS & LEONARD, for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

Appellee brought an action of assumpsit in the municipal court of Chicago against appellants. The case was tried without a jury, the issues found for appellee, judgment entered upon the finding for $3461.67 and costs and an appeal taken to the Appellate Court for the First District, which court affirmed the judgment of the trial court and allowed a certificate of importance and an appeal to this court.

Appellee's claim was based on a contract of insurance with appellants insuring appellee against loss of rents of certain premises in the city of Chicago in consideration of a named premium paid, proof of loss made in accordance with the direction of appellants and failure of appellants to pay $3461.67 of the claim. Appellants filed an affidavit of merits, in which the issuing of the policy of insurance, the loss covered by the policy and the furnishing of proof of loss were not denied, but they alleged in defense of the suit that plaintiff agreed in the proof of loss that defendants might make settlement of the claim with W. W. Barton & Co. and that Barton & Co. might make settlement thereof

with Duffin & Co., and that such settlement should be a sufficient discharge of defendants' liability on account of the loss, and that in accordance with such authorization appellants paid the amount of appellee's claim to Barton & Co. and Barton & Co. in turn paid the amount to Duffin & Co. for the use and benefit of appellee, and that upon such payment being made appellants were discharged from their liability to appellee.

There is no substantial dispute as to the facts between the parties. The payments were made as alleged by appellants but Duffin & Co. failed to make payment to appellee, and the sole question involved is whether such payment to Barton & Co. and by Barton & Co. to Duffin & Co. released appellants from their liability upon the policy.

The appellee sustained a loss amounting to $4948.72. Thereafter appellants' adjuster had a proof of loss drawn up and mailed to appellee. Appellee went to the office of the adjuster, taking with him the blank proof of loss. The blank was then filled out by the adjuster, who, according to his own testimony, then presented it to appellee and told him that it would be necessary for him to sign that particular proof of loss if he wanted to get his money. Appellee then signed the proof of loss, which contained, among other things, the following printed matter:

"I hereby make claim upon the insurers hereunder in the sum of $........ in full and final settlement of loss and / or damage referred to, and hereby authorize Messrs. W. W. Barton and Company to collect this claim, and I agree that settlement in account with them and by them with Messrs. Duffin and Company shall be a sufficient discharge to the Underwriters and Messrs. W. W. Barton and Company."

The proof of loss was then turned over to appellants' adjuster and the policy retained by appellee. The proof of loss was dated May 2, 1923. Appellee not having received payment of his loss, on September 25, 1923, wrote appellants, and in reply thereto received a letter from their Lon-

don brokers, dated October 12, 1923, in which he was for the first time informed that appellants claimed that the loss had been settled in June by a credit to Duffin & Co. Appellee's cause of action is clearly established unless payment in the manner claimed to have been made constitutes a defense in a court of law.

Appellee contended in the court below and contends in this court that the statement contained in the proof of loss that settlement with Barton & Co. and by them with Duffin & Co. should be a sufficient discharge to the Underwriters was without consideration and made solely for the benefit of appellants and is not binding on appellee. The trial court in its finding of facts so found, and the Appellate Court having affirmed the judgment of the trial court, such finding of facts cannot be inquired into in this court unless there is no evidence in the case upon which to base the same. Neither Duffin & Co. nor Barton & Co. were employed by appellee, as agents, brokers or otherwise, to collect this claim. When appellee signed the proof of loss it did not constitute a contract between the parties that the money should be paid to Barton & Co. for Duffin & Co. There was not at that time any contract, other than the policy of insurance, that the money should be paid at all. The adjuster was not authorized to bind appellants to pay the claim. The proof of loss particularly stated that the preparing of the same by the adjuster was not a waiver of any rights of appellants. The adjuster was required to make a recommendation to the insurer in London, England, as to the allowance of the claim, but no one in this country had authority to allow it or to bind the insurer as to the amount to be allowed, but the proof of loss, with the recommendation of the adjuster, was subject to the approval of the insurer in London. Even after the approval of the claim the authorization was not a contract, as it was not binding on appellants. They could, if they saw fit, notwithstanding this statement, acquit themselves of liability

by paying the money themselves directly to appellee or by paying it to him through the medium of some bank or other agency.  It did not constitute a novation, as it lacked the requisites of a novation.  There was no mutual agreement among all the parties concerned for the discharge of a valid existing obligation by the substitution of a new valid obligation, or a like agreement for the discharge of the debtor to his creditor by the substitution of a new creditor.  The debt from appellants to appellee was not extinguished thereby, and it does not appear from the evidence that Duffin & Co. ever knew of it and agreed to become personally liable to appellee for the debt.

Our attention is called by appellants to a line of cases holding that where the assured leaves the policy of insurance with a broker for collection and the insurer pays the loss to the broker the insurer is discharged from liability even though the broker fails to pay the assured.  These cases have no application here.  Appellee did not give his policy to Duffin & Co. or Barton & Co., as brokers, for collection.  He had no dealings with either of them in that regard prior to the proofs of loss but retained the policy himself and made the proof of loss himself.  Duffin & Co. were not his brokers.  They were the agents and representatives of appellants in Chicago, to whom the premiums were required by the policy to be paid and the only persons to whom they could be paid.  The binder for the insurance by its terms required the signature of Duffin & Co. to give it validity.  The policy was subject to cancellation at any time by Duffin & Co., and they did cancel it on May 24, 1923, by a writing in their own name and not in the name of appellants.  The policy was not assignable "without the consent of the insurers in writing, bearing the signature of Duffin & Co. or their representative authorized in writing."  It was also subject to the condition that the insurer was not liable for any claim unless notice was given in writing to Duffin & Co. within thirty days after

loss. The evidence shows that appellants were general agents for the insurer in Chicago. Their acts in the premises were therefore the acts of the insurer.

A valid obligation to pay can only be defeated in a court of law when the evidence shows payment or a valid release of the obligation. A valid release must be based upon a consideration before it can be efficacious in a court of law. Where the promisor receives no benefit and the promisee suffers no detriment the whole transaction is in its nature a *nudum pactum.*

Appellants cite Williston on Contracts, (vol. 1, 121,) to the effect that "if a debtor does something more or different in character from that which he was legally bound to do, this is sufficient consideration for promise. Accordingly, if a debtor pays his debt, or part of it, before it is due, or in a medium of payment different from that for which he was bound, or at a different place, or to someone other than the creditor, the consideration is sufficient to support a promise by the creditor." This rule, however, cannot avail appellants. They did not do anything more or different in character from that which they were legally bound to do. The claim was not paid before due. It was not paid at a different place or in a medium of payment different from that for which appellants were bound. The policy did not specify the manner of payment or the medium through which the payment was to be made. The insurer was in London, England, and appellee in Chicago. It could not pay appellee personally without crossing the ocean and at great inconvenience, and this method of payment was, of course, not contemplated by the parties in making the contract of insurance. The manner of payment and the medium of payment not being specified in the contract of insurance, then the legal obligation of the payor is to pay the debt in accordance with the usual and customary manner and through the usual and customary medium of making such payments in the ordinary course of such business.

VanBuren, the representative of appellants in making the adjustment of loss, called as a witness by appellants, testified that the practice followed by Lloyd's Underwriters of London in the settlement and payment of losses was, that the adjuster, after getting the signed proof of loss, prepared a written report, which he sent to the office of Duffin & Co. with the understanding that they were to send it to Barton & Co., with the further understanding that Barton & Co. were to present the adjuster's report and the signed. proof of loss to the Underwriters whose name appeared on the policy, and that so far as he knew that procedure was followed in this case; that the Underwriters, after receiving the adjuster's report, would authorize Barton & Co. to pay that claim and charge their account; that Barton & Co. would thereupon pay Duffin & Co., and that Duffin & Co. were in turn to pay the insured; that that was the usual practice followed in adjustments, and that so far as he knew it was followed in this case. Payment was not made to some person other than the insured. The transference of money from the insurer in London to its general agents in Chicago did not constitute a payment to appellee. There was simply a transfer of the fund from the insurer in London to itself in Chicago. Payment of a debt by a debtor to a creditor cannot be made by paying it to the debtor himself. It does not appear that in so doing any attention was paid to the wording of the proof of loss or any reliance placed thereon. The usual practice was followed in making adjustments, and by reason of the language in the proof of loss appellants suffered no detriment and appellee received no benefit. This document having been prepared by appellants must be construed most strongly against them. The trial and Appellate Courts did not err in holding that appellee was not precluded from recovering by reason of anything contained in the proof of loss.

The judgment is affirmed.         *Judgment affirmed.*