A. & H. Lithoprint, Inc., an Illinois Corporation, Plaintiff-Appellee, v. Bernard Dunn Advertising Co., d/b/a American Academy of Thoroughbred Handicapping, Defendant-Appellant.

Gen. No. M–51,719.

First District, Fourth Division.

April 21, 1967.

Karras, Greene, Licastro and Licastro, of Chicago, for appellant.

Robert V. Conners, of Chicago, for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

Defendant appeals from a judgment in favor of the plaintiff for the amount of an unpaid contractual debt. In this appeal defendant contends that plaintiff accepted payment of a lesser amount in full satisfaction of the debt.

Plaintiff, a printing company in the downtown area of Chicago, Illinois, performed various printing services for the defendant for which defendant owed the sum of $5,-675.50. On July 2, 1964, a conference was held between representatives of both companies after which the plaintiff agreed to accept payment of ten percent (10%) of the aforesaid debt in full satisfaction thereof. According to the evidence defendant's creditors were informed that defendant was in a precarious financial position and that an effort was being made to have the creditors accept 10% of their respective claims or else defendant

would be forced to initiate bankruptcy proceedings.[1] A check dated July 8, 1964, in the amount of $567.55 was sent to the plaintiff. The check was signed by Bernard Dunn, president of the defendant company, and carried the following endorsement on the back:

> "In full and final settlement of any monies due and owing to A & H Lithoprint, Inc. by American Academy of Thoroughbred Handicapping up to and including July 8, 1964."

Plaintiff added an endorsement, dated July 13, to the check without the knowledge of or acquiescence by defendant:

> "This check is being accepted with the above endorsement [referring to defendant's endorsement as aforesaid] only with the understanding and condition that the A.A.T.H., and all of its affiliates are closing down business, or are going bankrupt, and that they are not selling or giving away, any of its rights or publications to any party or company."

Plaintiff caused the check to be certified on July 14, 1964, and also sent a letter to the defendant setting forth the same conditions for acceptance as were placed on the check by plaintiff. However, while the letter was dated July 13, 1964, the envelope bore a postmark of the

---

[1] Richard Hall, an officer of the plaintiff company who also represented the plaintiff at the conference, first testified that defendant agreed to go out of business if plaintiff accepted the 10% settlement in full satisfaction of the debt. On cross-examination Hall admitted that defendant's representative only told him that if defendant was sued the company would go into bankruptcy.

Defendant introduced into evidence letters written to various creditors in which defendant offered to pay 10% but in none of them did defendant promise to cease operations if the creditor agreed to the settlement.

411

afternoon of July 15 and therefore it could not have been received by defendant prior to the certification of the check on July 14. Plaintiff continued to do business with defendant, but on a cash basis.

Defendant contends that the plaintiff accepted the check for $567.55 in full satisfaction of the debt owed. Plaintiff contends principally that since there was no dispute as to the amount of the debt it was not bound by the defendant's endorsement that the check was in full and final settlement of any monies due and owing.

■■ A partial payment of a fixed and certain demand, which is due and not in dispute, is not full satisfaction of the entire debt notwithstanding any conditions placed by the debtor upon acceptance of the payment. In re Estate of Cunningham, 311 Ill 311, 142 NE 740; Wright v. Federal Wrecking Co., 331 Ill App 231, 237, 73 NE2d 16. However, as acknowledged by the plaintiff, a new consideration will support the discharge of a debt by the payment of a lesser amount. The evidence in the instant case shows that defendant notified his creditors of his failing financial position and a composition agreement was entered into by which they agreed to accept a 10% settlement in full satisfaction of their respective claims. In Gillfillan v. Farrington, 12 Ill App 101, the court in a similar situation held that acceptance by other creditors was sufficient consideration to support a binding agreement. The court further held that it was of no significance that there was no convocation of creditors; that correspondence with each creditor was had separately; or that one creditor, when assenting to the proposition, was unaware of the action of the other creditors. In quoting with approval from that case, the court in Union Cent. Life Ins. Co. v. Weber, 285 Ill App 568, 576, 2 NE2d 746, stated:

[I]t has been held that a debt cannot be satisfied by the payment of a less sum of the money of the

debtor, and that a promise to discharge it upon such payment is void for want of consideration; but the rule does not apply to an agreement, mutual in its obligation, between several creditors with a failing debtor. In such a case the promise of each is supported by those of the others, which is deemed a sufficient consideration. Compliance with its terms on the part of the debtor is a good defense to an action by the creditor for the residue of his original demand—not, indeed, as a technical accord and satisfaction, but upon principles of equity as showing a new adjustment of the debt, so made that he cannot repudiate it without committing a fraud upon other and more fruitful creditors.

■ In the instant case, since defendant's creditors agreed to accept a 10% payment in full satisfaction of their respective claims against the defendant,[2] there is sufficient consideration to sustain the agreement between the plaintiff and defendant.

■ Plaintiff also argues on appeal that defendant fraudulently misrepresented his financial condition, in that he was not insolvent, and therefore the agreement should be set aside. Plaintiff bases this argument solely upon the premise that defendant has remained in business subsequent to the agreement. However, to allow a financially distressed debtor to remain in business, without the necessity of bankruptcy proceedings, is the purpose of an agreement with creditors to accept a settlement on their claims. Therefore fraud cannot be imputed

---

[2] Defendant introduced into evidence letters of acceptance of several creditors. Plaintiff does not contend, nor is there any evidence in the record to show, that not all of defendant's creditors accepted the 10% payment. Even so, a composition agreement is binding on those creditors who are parties to it, notwithstanding that some of the debtor's creditors are not parties to it. Condict v. Flower, 106 Ill 105.

to the defendant because he remained in business. Plaintiff adduced no evidence to support his argument that defendant acted fraudulently.

Therefore, the judgment of the trial court is reversed and the cause remanded with directions that judgment be entered in favor of the defendant.

Reversed and remanded with directions.

ENGLISH, P. J. and McCORMICK, J., concur.