BEKINS MOVING & STORAGE CO., Plaintiff-Appellee, *v.* ALEX J. MORRELL, Defendant and Third-Party Plaintiff and Counterdefendant-Appellant.—(GUARDIAN INDUSTRIES CORPORATION, Third-Party Defendant and Counterplaintiff-Appellee.)

First District (2nd Division) No. 62674

Opinion filed February 8, 1977.

Herbert P. Carlson, of Chicago, for appellant.

Friedman & Koven, of Chicago, for appellee Guardian Industries Corporation.

Walter M. Ketchum, of Chicago, for appellee Bekins Moving & Storage Co.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Plaintiff, Bekins Moving & Storage Co. (hereinafter "Bekins"), brought an action to recover amounts due it under a contract of carriage for moving the household effects of defendant, Alex J. Morrell (hereinafter "Morrell"). Defendant Morrell, as third-party plaintiff, in turn filed suit against his former employer, Guardian Industries, Inc. (hereinafter "Guardian"), for the sums, if any, awarded to Bekins, contending that Guardian is fully liable for such sums by virtue of its employment contract with Morrell. Guardian, in turn, counterclaimed against Morrell to recover sums loaned to Morrell, evidenced by his two promissory notes.

The trial court found for plaintiff Bekins for the amount claimed against defendant Morrell. The court also found for Morrell as third-party plaintiff against Guardian for the identical amount, namely $2,009.83. Finally, the court found for Guardian as counterplaintiff and against Morrell, for the balance due on the loan, namely $3,259.33. Judgments were entered on the findings.

Defendant Morrell has appealed from the entire judgment order contending that the findings upon which the judgment was based were contrary to the manifest weight of the evidence. Morrell also seeks to modify the amount of the judgment entered against him and in favor of Bekins. No appeals or cross-appeals have been filed by the other parties at bar.

Defendant Morrell was employed by Guardian Photo Division as manager of its Chicago plant from October 12, 1970, until his termination on October 8, 1971. In August of 1970, Morrell and Warren J. Coville, president of Guardian Photo Division, engaged in preliminary

negotiations concerning the terms of Morrell's employment. Among the topics discussed during this period was Guardian's offer to reimburse Morrell for what were characterized as "moving expenses" incurred in Morrell's relocation from his residence in Houston, Texas to Orland Park, Illinois.

According to Coville, the discussion in this regard related only to reimbursement for costs incurred in transporting the physical belongings of Morrell's home and that this limitation upon the scope of the term "moving expenses" was expressly discussed by the parties. Morrell was instructed to have the costs of the move billed to himself and then submit an expense account to the corporation for reimbursement.

Coville indicated that Morrell thereafter sought and obtained approval to include the cost of transporting Morrell's automobile within the terms of the agreement. However, Coville denied that he discussed or approved inclusion of Morrell's closing costs, as hereinafter itemized, within this context and indicated that in other analogous situations, the corporation never paid such expenses.

Morrell also testified with regard to this transaction. He indicated that it was his impression that in discussing "moving expenses" payment of closing costs would be included in the agreement. Review of his testimony does not indicate that Coville expressly agreed to such an inclusion. Morrell engaged Bekins to transport his household effects to Chicago, Illinois. The cost of this service was $4,494.83 and was billed to Guardian on July 30, 1971, August 10, 1971, and September 10, 1971. Morrell testified that he received these invoices and duly forwarded them to Coville for approval and payment. Coville denied that he ever received these bills and indicated that he initially discovered them upon cleaning out Morrell's desk after the latter's termination on October 8, 1971.

Thereafter, on November 15, 1971, Bekins made a demand on Morrell personally for $4,494.83 due on the shipping contract. Bekins subsequently reduced this amount by $505 in response to Morrell's claim for reimbursement for damage to his property incurred during the move. Morrell denies that he consented to this amount as compensation for his damages. On December 17, 1971, Bekins, also apparently without Morrell's consent or consultation, agreed to accept $2,000 from Guardian "in full settlement of all claims" by Bekins against Guardian. According to Bekins, this agreement did not release Morrell from his debt on the shipping contract but reduced his obligation to $1,989.83.

Bekins sued Morrell for the balance due. Morrell, as third-party plaintiff sued Guardian in order to recover the sums, if any, that were awarded to Bekins in this connection. The trial court found for Bekins against Morrell in the amount requested at trial $2,009.83; and also found

correspondingly for Morrell against Guardian in the identical amount. Guardian does not appeal this judgment.[1]

Meanwhile, on or about March 20, 1971, Morrell borrowed $10,000 from Guardian, evidenced by two promissory notes of $5,000 each. This loan provided financial assistance to Morrell to avoid selling his home in Texas under duress and to permit him to place a down payment on a home in Illinois without "giving any real financial problems to himself."

On August 20, 1971, Morrell made a payment of $6,740.47 on the notes. Morrell included with this payment a letter expressing his intent to offset the $20,000 due on the notes by $3,259.33, the amount of the closing costs for selling his home in Texas and purchasing his home in Illinois. Guardian admits receiving the check and attached notation. Morrell did not send his check to Coville personally, but instead forwarded it to corporate offices. Coville testified that he was not made aware of the partial payment until September 1971. Guardian subsequently counterclaimed against Morrell for the amount due on the notes. The trial court found in favor of Guardian on the counterclaim and awarded judgment in the amount of $3,259.33.

Morrell initially contends that the trial court erred in construing the employment agreement orally entered into between himself and Guardian. Specifically, Morrell contends that his closing costs and attorney's fees are relocation expenses or "moving costs" as envisioned by the aforementioned verbal agreement. Conversely, Guardian re-asserts that the employment agreement encompasses only the costs arising from the transportation of Morrell's household belongings from Texas to Illinois.

■■ Morrell cites no authority to support his contention that, as a matter of common usage and practice in employment contracts, the phrase "moving expenses" includes such closing expenses as the relocated employee's tax certificate and recording fees, escrow fees, broker's commissions, interest, attorney's fees and loan expenses. No evidence was adduced at trial to support this contention. Indeed, evidence was introduced, without objection, that Guardian specifically did not make it a practice to pay such expenses. Morrell's contention that the simple phrase "moving expenses" should include such expenses as a matter of law and reasonable construction is rejected.

■■ Nor can it be said that the particular agreement between Coville and Morrell expressly included such expenses. Coville expressly denied that such an agreement was contemplated on his part or expressed. While Morrell strongly asserts that he contemplated that such expenses would be reimbursed by Guardian, his testimony does not contradict Coville's

---

[1] Morrell correctly points out that Bekins erroneously claimed for $2,009.83, or $20 more than the freight bills and its demands on Guardian and Morrell.

insofar as the latter contends that reimbursement for such expenses was not mentioned. A review of the record does not mandate reversal of the trial court's findings since such findings do not appear to be contrary to the manifest weight of the evidence. *Vassel v. Underwood* (1967), 85 Ill. App. 2d 222, 229 N.E.2d 354.

Morrell suggests that Guardian originally contemplated reimbursing Morrell for closing costs pursuant to the employment contract but subsequently changed its interpretation of the contract so as to exclude reimbursement for these expenses after Morrell's employment was terminated and this suit was filed. In support of this contention Morrell cites Guardian's failure to make an immediate demand for the balance due on the two promissory notes after Morrell's partial payment on such notes.

■■■ Morrell's obligation on the notes and his obligation to submit bills so as to secure reimbursement for his moving expenses stem from two separate and distinct contracts. The amount due on the notes was a liquidated and undisputed sum. Payment of a part of a fixed and certain debt which is due and not in dispute is not satisfaction of the whole debt. (*A. & H. Lithoprint, Inc. v. Bernard Dunn Advertising Co.* (1967), 82 Ill. App. 2d 409, 226 N.E.2d 483.) There is no authority to support the contention that Guardian's failure to demand immediate payment of the balance due on the notes should be conclusively interpreted as an admission of liability for their employee's closing costs. Similarly, any intention on the part of Guardian to attempt to settle the dispute by deducting the costs of transporting Morrell's personal belongings from the amount due on the notes does not warrant the conclusive presumption that Guardian contemplated reimbursing Morrell beyond the amount of his moving costs. Guardian may attempt to settle the claim without forfeiting its right to sue on the note. In any case, such matters were fully presented at trial for consideration by the trial court. A reversal of his finding is not mandated by the inferences suggested by Morrell on appeal.

Third-party plaintiff Morrell also urges that the judgment entered on behalf of Bekins in the amount of $2,009.83 be increased in the amount of $505, and that the corresponding judgment entered on behalf of third-party defendant Guardian be similarly increased.

The effect of such an increase would be to place an additional monetary burden upon Guardian so as to prevent Guardian from obtaining a "windfall" at Morrell's expense and stemming from damages to Morrell's physical belongings occasioned by Bekin's negligence in transporting these goods.

It is beyond dispute that Morrell was made aware of the "settlement" during the course of the instant litigation. Bekin's complaint specifically

alleged the deduction and its existence was placed in issue by Morrell's answer which neither admitted nor denied its existence but demanded strict proof thereof. Evidence adduced at trial indicated that such a deduction was authorized by Bekins. Morrell, however, asserts that no evidence was adduced that he agreed to such a settlement or that it was proper reimbursement of his loss.

It does not appear of record that Morrell manifested any objection to the amount of the deduction prior to or during the course of trial proceedings, choosing instead to raise the issue by means of a post-trial motion to amend the judgment. As no evidence was heard on this issue, the motion was properly denied.

■■ Since Morrell's third-party complaint merely sought indemnification for any judgment entered against him in this suit, Guardian may only be liable for that amount of judgment, $2,009.83. If Morrell believes he has a viable claim for $505.00 in damages to his belongings, the appropriate procedure for raising the issue would be by a counterclaim against Bekins. Guardian cannot be required to pay a higher judgment on the third-party complaint than that which was requested by Morrell and determined to be owing by the trial court. Notwithstanding this point, it does not appear that Morrell would be precluded from asserting a claim against Bekins.

For the aforementioned reasons the judgment of the circuit court is affirmed.

Affirmed.

DOWNING, P. J., and PERLIN, J., concur.