81 Ill. App.3d 208 (1980)
400 N.E.2d 1105
UPPER AVENUE NATIONAL BANK OF CHICAGO, Plaintiff,
v.
FIRST ARLINGTON NATIONAL BANK OF ARLINGTON HEIGHTS et al., Defendants.  (AMERICAN ENGINEERING, INC., Cross-Plaintiff and Appellee,
v.
JOHN S. LIVADITIS et al., Cross-Defendants and Appellants.)
No. 79-111.
Illinois Appellate Court  Second District.
Opinion filed February 20, 1980.
Rehearing denied March 17, 1980.
*209 *210 John D. Kightlinger, of Meinhardt & Kightlinger, Ltd., of Arlington Heights, for appellants.
Victor Potysman, of Chicago, for appellee.
Judgment affirmed.
Mr. JUSTICE LINDBERG delivered the opinion of the court:
Cross-defendants, John S. Livaditis and Claire Livaditis (hereinafter the Livaditises), appeal from an order of the Circuit Court of Lake County which allowed a motion by cross-plaintiff, American Engineering, Inc. (hereinafter American), for judgment on the pleadings. The only question presented is whether the release pleaded by the Livaditises was valid.
 1 On review of an order granting judgment on the pleadings, we must ascertain whether the trial court correctly determined that no genuine issue as to any material fact was presented by the pleadings; if there was no such issue, then we must determine whether judgment was correctly entered for American. (Baillon v. S.S. Kresge Co. (1972), 4 Ill. App.3d 82, 84, 277 N.E.2d 719.) To that end we will summarize the facts before the trial court as established by the pleadings.
John Livaditis owned certain real property which was held in trust with the First Arlington National Bank of Arlington Heights. Livaditis, through his trustee, entered into a contract with American to perform heating and air-conditioning services for a K-Mart building that was being constructed on the property. When the project ran into financial difficulties, Livaditis induced American to accept a note for the last 10 percent on the amount originally due, that is, $13,515 plus 10 percent interest. At the same time, Livaditis made a collateral assignment of $13,515 for security purposes.
American filed a cross-complaint against Livaditis on the note and a mechanics' lien foreclosure. Subsequently, Livaditis entered into a release agreement with American, where Livaditis paid the sum of $8,000 to American in satisfaction of the amount due and owing. Notwithstanding the agreement, American continued to demand payment of the balance, which Livaditis has refused to pay.
This is an action at law in two counts. In count I of its amended cross-complaint, American seeks the balance due on the note after crediting the payment of $8,000, that is, $5,515 plus 10 percent interest due on the original balance. In count II, American essentially re-alleges count I and seeks the same balance due from Claire Livaditis based upon a guarantee of the note executed by her.
*211 American filed a motion for judgment on the pleadings. After a hearing, the trial court found the release invalid as a matter of law and entered judgment against the Livaditises for principal and interest due on the promissory note. The Livaditises appeal.
 2 Turning first to the question whether there was any genuine issue of material fact, we conclude that the trial court properly determined that there was no such issue presented by the pleadings. In its final order, the trial court noted that the attorneys for the Livaditises had agreed to strike the denials contained in paragraphs 6 and 7 of its answer to the same paragraphs of the amended complaint. All other allegations in the cross-complaint were admitted. Therefore, we deem all material facts contained in the amended cross-complaint unequivocally admitted. Moreover in an order dated September 29, 1978, the parties stipulated that there was no issue of fact. By failing to alert the trial court of a possible question of fact, the Livaditises have waived the issue of the existence of a factual dispute. Tippet v. Tippet (1978), 65 Ill. App.3d 1018, 383 N.E.2d 13; 2 Ill. L. & Prac. Appeal & Error § 181 (1953).
 3, 4 We next consider whether the trial court properly found that the release was invalid as a matter of law. The well-established general rule is that an agreement to accept part payment of an amount undisputably due is not satisfaction of the whole debt and will not bar recovery of the balance unpaid. (Bekins Moving & Storage Co. v. Morrell (1977), 46 Ill. App.3d 1, 360 N.E.2d 503; A. & H. Lithoprint, Inc. v. Bernard Dunn Advertising Co. (1967), 82 Ill. App.2d 409, 226 N.E.2d 483.) The doctrine rests upon the ground that the agreement to discharge the entire debt is without consideration. (Mederacke v. Becker (1970), 129 Ill. App.2d 434, 438, 263 N.E.2d 257, 258.) Thus, it is clear under Illinois law that a release given without consideration is void and that part payment of an amount indisputably due does not constitute consideration. Salvaggio v. Schofroth (1971), 133 Ill. App.2d 811, 272 N.E.2d 53 (abstract); Toffenetti v. Mellor (1926), 323 Ill. 143, 153 N.E. 744; note however that a contrary rule applies to transactions governed by the Uniform Commercial Code (Ill. Rev. Stat. 1977, ch. 26, par. 1-107).
 5, 6 The Livaditises contend that the general rule is inapplicable because other consideration was given in addition to the $8,000, and further contend that the consideration cited is presumed to be adequate. The Livaditises rely on language in the release agreement providing that "for and in the consideration of the sum of $8,000 and other good and valuable consideration, receipt whereof is hereby acknowledged * * *," and that all claims "of whatever nature and kind, that Releasor may now have, or at any time hereafter may have * * *." (Emphasis supplied.) The Livaditises apparently rely on 1 Williston on Contracts § 121 (3d ed. 1957) to the effect that "[i]f a debtor does something more or different in *212 character from that which he was legally bound to do, this is sufficient consideration for a promise." However, this exception cannot avail the Livaditises. In their answer to the amended cross-complaint, first affirmative defense to count I, the Livaditises denied that only $8,000 was given to the cross-plaintiff for the alleged release. Yet the Livaditises subsequently withdrew their answer and filed a substitute answer where, in their affirmative defense to count I, they alleged only that "[p]ursuant to said agreement, cross-defendant Livaditis did pay to cross-plaintiff the sum of $8,000 * * *," deleting the language "and did give further good and valuable consideration" found in his original answer. In our view, the Livaditises thereby admitted that only $8,000 was given in consideration for the release. Furthermore, the Livaditises have not shown that any extra benefit, in the form of additional dollars or otherwise, was present to establish consideration sufficient to support the agreement. (In re Estate of Gillen (1937), 288 Ill. App. 436, 440, 6 N.E.2d 257, 259.) And while the Livaditises are correct in their assertion that the consideration cited is ordinarily presumed to be adequate and the courts generally will not inquire into the sufficiency of the consideration, this rule applies only where an actual dispute as to the claim exists. Murphy v. Rochford (1977), 55 Ill. App.3d 695, 699, 371 N.E.2d 260, 264.
 7 In ruling on a motion on the pleadings, the court must consider only those material facts and allegations which are well pleaded, disregarding all surplusage and conclusionary allegations. (Johnson v. Town of the City of Evanston (1976), 39 Ill. App.3d 419, 350 N.E.2d 70; Department of Mental Health v. Kendall (1973), 15 Ill. App.3d 881, 305 N.E.2d 389.) We find that any general references to other consideration and other disputes are mere conclusions and are not the kind of well-pleaded facts that are worthy of consideration. Thus we find the Livaditises' contention that other consideration was given to be without merit.
 8 The Livaditises' next contention is that the general rule does not apply where, as in this case, the amount due at the time of the release was disputed. While they concede that the amount may have been liquidated when the note was signed, they argue that it does not follow that the amount due could not later be disputed. They further argue that a dispute is inferred by the simple fact that a lawsuit was filed, and that there was a great deal of dispute involving the entire construction project. We find the Livaditises' arguments to be without merit. It is clear that the rule applies only to liquidated claims, and has no application where there is an honest compromise of unliquidated or disputed demands. (See Murphy; Mederacke.) There must, of course, be an actual dispute between the parties in order to furnish consideration for the agreement to discharge the obligation. (Galeener v. Hessel (1941), 311 Ill. App. 654, 37 N.E.2d 573 (abstract).) The pleadings under consideration reveal no *213 such honest difference between the parties. Paragraphs 7 and 8 of the amended cross-complaint expressly set forth that the obligation was for a liquidated amount then due and owing. Paragraph 7 of the Livaditises' answer admits the sum to be liquidated. Moreover, an examination of the promissory note and accompanying security agreement shows the amount to be for a liquidated sum. Since there is nothing in the record to indicate that any dispute existed at the time of the release, we cannot see how the Livaditises can in good faith deny that any amount other than $13,515 was due. We therefore conclude that the amount due on the note was a liquidated and undisputed sum. Accordingly, the instant case cannot be brought within the exception to the general rule.
This court has ordered taken with the case a motion to strike from the record and from the brief of American all references to the alleged unethical conduct of the Livaditises' prior counsel. We find that the issue presented by this motion is mooted by our disposition of this case.
For the reasons stated, judgment on the pleadings was properly entered for American, and the judgment of the Circuit Court of Lake County is affirmed.
Affirmed.
WOODWARD and UNVERZAGT, JJ., concur.