AQUA-AEROBIC SYSTEMS, INC., Plaintiff-Appellant, v. RICHARD B. RAVITTS, Defendant-Appellee.

Second District   No. 2—87—0512

Opinion filed February 11, 1988.

Robert J. Oliver, Thomas E. Currier, and Diane R. Klock, all of Connolly, Oliver, Close & Worden, of Rockford, for appellant.

James M. Hess, of Pedderson, Menzimer, Conde, Stoner & Killoren, of Rockford, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, Aqua-Aerobic Systems, Inc., as successor in interest to an employment agreement (Agreement) containing a restrictive covenant, appeals from the judgment of the circuit court which dismissed its complaint alleging the breach of that covenant and requesting in-

junctive and other relief from defendant, Richard Ravitts. On appeal, plaintiff contends that the termination agreement (Release) entered into by defendant and Richards of Rockford, Inc. (Richards), plaintiff's predecessor in interest, did not relieve defendant from the earlier restriction not to compete included in his original employment agreement with Richards. Plaintiff also contends that the trial court erred when it dismissed its complaint pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619) as defendant's promise not to compete was valid and enforceable by plaintiff. For the reasons set forth below we affirm.

The following facts form the basis for this appeal. On April 2, 1987, plaintiff filed a complaint against defendant wherein it alleged that: (1) on July 21, 1983, defendant and Richards entered into a written employment agreement whereby Richards, a manufacturer of aerators, mixers and clarifiers, appointed defendant as a sales agent; (2) under this agreement, defendant agreed not to compete with Richards for one year after the termination of the agreement in the sale of equipment manufactured by Richards; (3) on November 26, 1986, the parties terminated the employment agreement; (4) on November 30, 1986, plaintiff acquired substantially all the business assets of Richards, which included all the rights of Richards under the agreement; and (5) defendant attempted to sell aerators in competition with plaintiff, d/b/a Richards of Rockford, within one year after the termination of the agreement. In its complaint plaintiff requested that the court issue a preliminary injunction to restrain defendant from selling aerators until November 26, 1987, in addition to an award of contract damages.

On April 23, 1987, defendant filed a motion to dismiss pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619) wherein he alleged that the restrictive covenant at issue was unenforceable because it was: (1) vague and unspecific; (2) geographically unbounded, and, therefore, an unnecessary restraint of trade; and (3) designed to prevent competition. The motion to dismiss also contended that the complaint failed to state a cause of action in that it failed to allege that any trade secrets or confidential information were involved, or the recitation of facts which demonstrated that the restriction was necessary for the protection of plaintiff's legitimate business interest. Finally, defendant maintained that an agreement, dated November 26, 1986, constituted a complete release of all mutual obligations under the July 21, 1983, agreement.

At the hearing held on defendant's motion to dismiss, the court allowed plaintiff to file an amended complaint. This complaint added

that defendant had used confidential information of Richards acquired during his employment by Richards when he attempted to sell aerators in competition with plaintiff, d/b/a Richards of Rockford, in breach of the employment agreement. It also alleged that enforcement of the agreement is necessary to protect plaintiff's legitimate business interests.

The court held a hearing on April 23, 1987, and on May 5, 1987, the court entered an order which dismissed the complaint. Specifically, the court's order found that the agreement dated November 26, 1986, constituted a full and complete release of the parties' obligations to each other under the July 21, 1983, agreement. Plaintiff then filed a timely notice of appeal.

Plaintiff sets forth two arguments on appeal. First, plaintiff argues that under general law regarding construction of releases, the release agreement between defendant and Richards did not release defendant from his earlier promise not to compete which is included in the original employment agreement. In this regard plaintiff maintains that the release is not clearly written, and, as a result, the court should have considered parol evidence to determine the parties' intent. Indeed, it is plaintiff's position that the language of the termination agreement, on its face, cannot be construed to intend anything more than to terminate defendant's employment and, in consideration of the payment of $5,500, release Richards from any further obligations to pay defendant commissions. In its second argument, plaintiff contends that since the complaint sets forth a claim for breach of a restrictive covenant not to compete, and defendant's motion failed to raise affirmative matter with which to defeat plaintiff's claim, the court erred when it dismissed the complaint pursuant to section 2—619(a)(9). As we agree with the trial court that the release constituted a release of all the parties' obligations to each other under the employment agreement, we find it unnecessary to discuss the validity of the restrictive covenant.

The release in the present case states:

"In Consideration of ($1,350.00) One-Thousand Three Hundred and Fifty Dollars for month ending November 30, 1986 and ($4,200.00) Four-Thousand Two Hundred Dollars for Fulfillment of All oblications [sic] of Employment past, present and future of Contract Dated July 21, 1983 between Richards of Rockford, Inc. 515 Grable St., Rockford, Ill. and Richard B. Ravitts."

The release is dated November 26, 1986, and includes the signatures of Gary Anderson, the president of Richards, and Richard B.

Ravitts. The release also states: "This Agreement Constitutes Payment in Full."

A release is a contract, whereby one party abandons a claim to another against whom the claim exists (*Costa v. Stephens-Adamson, Inc.* (1986), 142 Ill. App. 3d 798, 800), and its interpretation is governed by the principles that govern contract law cases (*Ainsworth Corp. v. Cenco, Inc.* (1982), 107 Ill. App. 3d 435, 439). Where a contract presents no ambiguity in its construction, the meaning of the contract and the intention of the parties must be derived from the language used (*Murphy v. S-M Delaware, Inc.* (1981), 95 Ill. App. 3d 562, 565), and the language of a contract is not ambiguous merely because the parties did not come to an agreement upon its meaning (*Berutti v. Dierks Foods, Inc.* (1986), 145 Ill. App. 3d 931, 934). Whether an agreement is ambiguous is a matter of law for the court. (*Touhy v. Twentieth Century-Fox Film Corp.* (1979), 69 Ill. App. 3d 508, 513.) Finally, the party who challenges the release shoulders the burden of proving any claim of invalidity. The evidence of invalidity must be "clear and convincing" inasmuch as the law favors settlement. *Wasmund v. Metropolitan Sanitary District* (1985), 135 Ill. App. 3d 926, 928.

We have examined the release at issue and agree with the trial court's finding that it fully released the parties from all obligations under the July 21, 1983, employment contract. As the release is unambiguous, no rules of construction need to be applied. (*Murphy*, 95 Ill. App. 3d at 565.)

> " 'A contract is ambiguous if, and only if, it is reasonably or fairly susceptible of different constructions; it is not ambiguous if the court can determine its meaning without any guide other than a knowledge of the simple facts on which, from the nature of language in general, its meaning depends. 17 C.J.S., Contracts, §294, and cases there cited. Contracts are not rendered ambiguous by the mere fact that the parties do not agree upon their proper constructions.' " *Public Relations Board, Inc. v. United Van Lines, Inc.* (1978), 57 Ill. App. 3d 832, 834, quoting *Whiting Stoker Co. v. Chicago Stoker Corp.* (7th Cir. 1948), 171 F.2d 248, 250-51 *cert. denied* (1949), 337 U.S. 915, 93 L. Ed. 1725, 69 S. Ct. 1155.

In this case the November 26, 1986, agreement provided for a release of "[a]ll oblications [*sic*] of Employment, past, present and future of Contract dated July 21, 1983." In our opinion the explicit reference in the release to the employment contract and the obligations arising from it clearly demonstrates the intention of the parties. The

release specifically refers to *all* obligations, past, present, and future of the employment contract between Richards and Richard B. Ravitts. As the trial court correctly noted, "All means all." It does not mean just monetary obligations. Furthermore, the fact that the signatures of both defendant and the president of Richards are included on the agreement further supports the inclusive nature of the word "all." Had the release been meant only to release Richards of obligations to defendant, it would have only required defendant's signature. For the foregoing reasons, we find that the release did release defendant of his obligation not to compete with Richards.

■ Plaintiff, however, argues that the release is invalid since defendant failed to pay consideration. We disagree. In *Kurti v. Fox Valley Radiologists, Ltd.* (1984), 124 Ill. App. 3d 933, 940, this court held that a release does not require consideration. (See also *Holman v. Simborg* (1987), 152 Ill. App. 3d 453, 456 (a release may be given gratuitously or for inadequate consideration).) That case, like this one, involved a noncompetition agreement. However, shortly after *Kurti*, the Appellate Court for the Fourth District stated that a release does require consideration. (*American National Bank v. Warner* (1984), 127 Ill. App. 3d 203, 207.) We elect to continue to follow our decision in *Kurti*. In addition to following the previous precedent set down by this court, we are persuaded that a requirement of consideration for releases of restrictive covenants is inappropriate. Courts favor fair competition in business. (*MBL (USA) Corp. v. Diekman* (1983), 112 Ill. App. 3d 229, 237.) Thus, restrictive covenants have long been disfavored by the courts. (See, *e.g., Jefco Laboratories, Inc. v. Carroo* (1985), 136 Ill. App. 3d 793, 797.) Because the courts disfavor restraint covenants, we are of the opinion that disentanglement from them should be easily obtainable, especially where both parties to the agreement desire the abolition of such promise. Where, as here, the employer has given a written release we can see no reason to make consideration a requirement of that release. We therefore hold that a written release of a promise not to compete is valid absent consideration.

However, even if we were to find that consideration was required, we would find such consideration in the instant case. Consideration includes more than the payment of money; it may consist of a promise, an act, a forbearance, or the creation, modification, or destruction of a legal relation. (See *Martin v. Federal Life Insurance Co.* (1982), 109 Ill. App. 3d 596, 601.) Under the agreement, Richards promised to employ defendant as a sales representative. Also under the agreement, Richards was under an obligation to give defendant 30 days'

notice before terminating the agreement. Defendant, through the release, thus waived his right to employment under the agreement and his right to 30-day notice under the agreement. We consider the waiver of these two rights to be consideration sufficient to support Richards' waiver of the noncompetition clause of the agreement. We further note that the trial court could have found that acceptance of $4,200 from Richards was a compromise of the total amount due under the agreement and therefore consideration.

Accordingly for the reasons set forth above, the judgment of the circuit court is affirmed.

Affirmed.

LINDBERG, P.J., and WOODWARD, J., concur.