MARY L. BISHOP, Plaintiff-Appellant, v. LAKELAND ANIMAL HOSPI-
TAL, P.C., *et al.*, Defendants-Appellees.

Second District    No. 2—94—0474

Opinion filed December 8, 1994.

James T. Harrison, of Woodstock, for appellant.

Thomas C. Zanck and Michael L. Orndahl, both of Militello, Zanck & Coen, P.C., of Crystal Lake, for appellees.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, Mary L. Bishop, appeals the order of the circuit court of McHenry County dismissing counts I and II of her amended complaint. Plaintiff alleges that the trial court improperly determined that an employment contract was not a fixed-term contract and that the noncompetition provision was enforceable. We affirm in part, reverse in part, and remand for proceedings consistent with this opinion.

Plaintiff was employed by defendants, Lakeland Animal Hospital and Kent D. Truckenbrod, as a doctor of veterinary medicine. Her employment commenced in June 1984. On July 1, 1992, plaintiff entered into an employment contract with defendants. The employment contract was to be effective for a term of one year unless otherwise terminated as provided by paragraph 7 of the employment contract.

Paragraph 7 states as follows:

"Either party may terminate employment with or without cause providing the party so desiring to terminate gives the other written notice of such intention at least 60 days prior to the date of such proposed termination. In addition thereto, Employer may terminate employment without notice upon the happening of one of the following events:

(a) Termination of business by the Employer;

(b) Employee leaving the employment without the aforesaid notice;

(c) Failure of the Employee to perform his/her professional duties competently, negligence [*sic*] or dishonesty;

(d) Employee being convicted of any serious criminal offense;

(e) Employee engages in an act or acts discreditable to the profession."

The employment contract also contains a noncompetition provision. The provision states as follows:

"The Employee agrees that on the termination of his/her employment with the Employer for any cause, he/she will not directly or indirectly engage in the practice of veterinary medicine or be employed by any individual firm, or corporation to engage in such profession, within fifteen (15) miles of the City of McHenry and for the period of four (4) years."

On February 19, 1993, defendants gave plaintiff notice that her employment was to be terminated on April 20, 1993. On December

19, 1993, plaintiff filed a complaint seeking to have the noncompetition clause of the employment contract declared unenforceable. Defendants moved to dismiss the complaint, alleging that the noncompetition agreement was enforceable even if plaintiff's employment was terminated without cause.

Plaintiff argued that her contract of employment was for a fixed term of one year, and thus cause was needed for termination. She further alleged that just cause was needed to render the noncompetition clause enforceable. Lastly, plaintiff argued in the alternative that the employment contract was ambiguous and thus should have been construed against the drafters.

On March 29, 1994, the trial court ruled that the employment contract was not ambiguous and that the plain language of the employment contract required the enforcement of the restrictive covenant. Plaintiff filed an amended complaint on April 4, 1994, adding count II, which alleged that defendants breached the employment contract by terminating plaintiff prior to the expiration of the term of the contract.

Defendants filed a second motion to dismiss, which was granted on April 25, 1994. Plaintiff's amended complaint was dismissed with prejudice, and this timely appeal followed.

Plaintiff contends that the trial court erred in granting defendants' section 2—619 (735 ILCS 5/2—619 (West 1992)) motion for involuntary dismissal. In determining the propriety of a motion to dismiss, the trial court must interpret all pleadings and supporting documents in the light most favorable to the nonmoving party. (*Toombs v. City of Champaign* (1993), 245 Ill. App. 3d 580, 583.) The court should grant the motion only if plaintiff can prove no set of facts that would support a cause of action. (*Gouge v. Central Illinois Public Service Co.* (1991), 144 Ill. 2d 535, 542.) As this process does not require the court to weigh facts or determine credibility, appellate courts are not required to give the trial court's determination deference, but may instead review the matter *de novo. Toombs*, 245 Ill. App. 3d at 583.

■ Plaintiff initially contends that the trial court improperly dismissed count II of her complaint on the basis that the employment contract was not a term contract. Plaintiff alleges that the employment contract was a term contract and as such could only be terminated for cause. See *Vandevier v. Mulay Plastics, Inc.* (1985), 135 Ill. App. 3d 787, 793.

The plain language of the employment contract indicates that the parties did not intend to enter into a fixed-term contract. The employment contract states, "The Employer shall employ the Em-

ployee as a doctor of veterinary medicine commencing on the 1st day of July, 1992, for a term of one year or until employment is terminated as provided for in paragraph 7." Paragraph 7 allows either party to terminate the contract with or without cause, with notice being required in certain situations and not in others. The plain language of the employment contract indicates that both parties intended for the possibility of early termination without cause. As plaintiff was given the requisite 60 days' notice, the trial court did not err in dismissing count II of plaintiff's amended complaint.

■ Plaintiff next argues that the noncompetition clause of the employment contract is unenforceable because she was fired without cause. Plaintiff argues that the language "for any cause" in the employment contract requires that in order for defendants to enforce the clause, cause must have existed for her termination.

Whether a noncompetition clause is enforceable is a question of law. (*Agrimerica, Inc. v. Mathes* (1990), 199 Ill. App. 3d 435, 441.) Illinois courts favor fair competition and disfavor restraints of trade. Therefore, noncompetition clauses are closely scrutinized. (*Agrimerica*, 199 Ill. App. 3d at 441.) In examining the language of the noncompetition clause, "for any cause" could be construed to mean for any cause whatsoever (including no specific cause), as was argued by defendants. However, the phrase could also be construed to require some cause to exist before its provisions would apply.

A contract is ambiguous if it is susceptible to more than one meaning. (*Lima Lake Drainage District v. Hunt Drainage District* (1990), 204 Ill. App. 3d 521, 525.) An ambiguous contract as a matter of law must be construed against the drafter of the contract. *Weiland Tool & Manufacturing Co. v. Whitney* (1969), 44 Ill. 2d 105.

The language "for any cause" contained in the employment contract is susceptible to more than one meaning. As such, it should be construed against the drafting party, which in the case at bar was the defendants, and plaintiff's interpretation must prevail. Cause has been defined as "some substantial shortcoming, recognized by law and public opinion as a good reason for termination." (*Norman v. Board of Fire & Police Commissioners* (1993), 245 Ill. App. 3d 822, 830.) As neither party disputed that plaintiff was terminated without cause, the noncompetition clause is inapplicable.

This conclusion is reinforced by the language contained in paragraph 7. Paragraph 7 states that either party may terminate "with or without cause." Thus, it appears that when defendants intended that no cause be required to invoke a particular provision, they utilized "with or without cause." "Any cause" and "with or without cause" appear to have different meanings, at least in the minds of the drafters.

■ Plaintiff also argues that a noncompetition clause is unenforceable as a matter of law when an employee is fired without cause. Plaintiff relies on *Rao v. Rao* (7th Cir. 1983), 718 F.2d 219, in support of her argument. We will briefly address this argument.

Relying on Illinois law, the court in *Rao* found that in every contract there is an implied contractual term. In every contract, both parties impliedly promise to act in good faith. (*Osten v. Shah* (1982), 104 Ill. App. 3d 784, 786.) "Good faith between contracting parties requires that a party vested with contractual discretion must exercise his discretion reasonably and may not do so arbitrarily or capriciously." (*Foster Enterprises, Inc. v. Germania Federal Savings & Loan Association* (1981), 97 Ill. App. 3d 22, 30.) Thus, the court held that "[t]he implied promise of good faith *** modifies [the employer's] discretionary right to dismiss [the employee] and then to invoke the restrictive covenant." *Rao*, 718 F.2d at 223.

We agree with the seventh circuit's reasoning and find that the implied promise of good faith inherent in every contract precludes the enforcement of a noncompetition clause when the employee is dismissed without cause. As was noted above, restraints on free trade and the availability of services are looked upon with disfavor by the Illinois courts. See, *e.g.*, *George S. May International Co. v. International Profit Associates* (1993), 256 Ill. App. 3d 779.

While not argued by the parties, this disfavor is further evidenced by Rule 5.6 of the Illinois Rules of Professional Conduct (134 Ill. 2d R. 5.6), which precludes attorneys from entering into restrictive covenants. (134 Ill. 2d R. 5.6.) If attorneys are precluded from entering into such agreements, the same prohibition should arguably be extended to other holders of professional licenses. However, we do recognize that there are some situations in which a noncompetition clause would be enforceable.

A noncompetition clause would be enforceable if the employee terminates the employment relationship or cause exists for the employer to terminate the employment relationship. While not at issue in the case at bar, even if either of these two conditions existed, Illinois courts must still inquire (1) whether the time and territorial restrictions are reasonable; and (2) whether a protectable business interest exists on the part of the employer. See *LSBZ, Inc. v. Brokis* (1992), 237 Ill. App. 3d 415, 425.

■ Thus, in order for a noncompetition clause to be enforceable, first, the employee must have been terminated for cause or by his own accord. Second, the clause must be reasonable, and third, it must have as its purpose the protection of a business interest on the part of the employer. It must be more than an attempt to stifle competition on the part of the employer.

■ Thus, because the noncompetition clause in the case at bar was ambiguous, and because an implied "good faith" requirement exists in all contracts, the noncompetition clause in this case is unenforceable as a matter of law. Thus, the trial court erred in dismissing plaintiff's count I.

For the foregoing reasons, the order of the circuit court of McHenry County dismissing count II is affirmed. The order of that trial court dismissing count I is reversed, and the action is remanded for further proceedings consistent with this opinion.

Affirmed in part; reversed in part and remanded.

DOYLE and COLWELL, JJ., concur.